William Montgomery, Plaintiff in Error, *v.* Harley Wayne, et al., Defendants in Error.

ERROR TO McHENRY.

The levy of an execution upon personal property of value sufficient to satisfy it, operates as a satisfaction of the execution for the time being, but it is not an absolute satisfaction of it, and hence, any act on the part of the defendant in execution, which destroys the fruits of the levy, will also remove its binding effect, as a satisfaction, and he will not be allowed to insist that the judgment has been satisfied by the levy, the benefits of which he himself has prevented the party from realizing.

This was a suit of trespass to personal property, brought by the plaintiff in error against the defendant in error, before a justice of the peace of McHenry county, and appealed to the circuit court of McHenry county, Wilson, Judge, where it was tried by the court, a jury being waived, at the March term, 1852, and judgment rendered in favor of the defendants below. The facts of the case sufficiently appear in the opinion of the court.

C. McClure, for plaintiff in error.

Church & Willard, for defendants in error.

Caton, J. The ground upon which the plaintiff seeks to recover in this action, is that the levy of the execution upon the oxen for which the suit was brought was illegal, for the reason that the execution had been satisfied by the previous levy upon a wagon of greater value than the amount of the execution. The evidence relative to that former levy is this. The defendant Cram, the constable, said that he had levied upon the wagon, and advertised it for sale. At the time and place of sale the wagon was not present, but was away, in the possession, and under the control of the plaintiff. The constable, however, offered it for sale, and it was purchased by the other defendant, Wayne, upon condition that it should be delivered to him. The constable subsequently did take the wagon and deliver it to Wayne. The present plaintiff sued the defendants in trover for the wagon and recovered its value. How the plaintiff came in possession of the wagon previous to the sale, is not shown, nor does it even appear that the constable had ever taken possession of the wagon before the pretended sale, unless that is to be inferred from his statement that he had levied upon it. This transaction, so far as we know its history from this testimony, we think ought not to be held a satisfaction of the execution, so as to make the levy upon the oxen an unauthorized act. The general proposition is undoubtedly true, that the levy of an execution upon personal property of value sufficient to satisfy it, operates for the time being as a satisfaction of the execution. But it is not an absolute satisfaction of it, like an actual payment. Although the actual value of the property levied upon may be of the requisite value, yet upon a sale it may produce a less amount, in which event it would cease to be a satisfaction for more than that amount, and it would be the duty of the officer to proceed and collect the residue. So, also, if the levy is abandoned, and the property given up to the defendant in the execution, or if he tortiously take the property from the officer, or receive it upon a delivery bond, and fail to produce it at the requisite time, or do any other act by which the fruits of the levy are destroyed, he ought not to be allowed to insist that the judgment has been satisfied, when he himself has prevented the party from realizing the benefits of the levy which he sets up as a satisfaction. Whether in strictness of law there ever was a levy upon the wagon, may be doubtful, for if the officer did not take possession of the prop-

erty, the levy was incomplete, and would not operate as a satisfaction of the execution even *pro tanto.* Certain it is, that there was some defect in the proceeding somewhere by which the defendant was enabled to recover the value of the wagon, for taking it under that levy and sale. And he certainly ought not, after having averred and maintained that the wagon was wrongfully taken, and for that wrongful taking recovered its value, be permitted to turn round now, and insist that it was rightfully taken, and so satisfied the execution. That would be allowing him a double satisfaction for the one taking. This is too palpable an inconsistency to meet with the approbation of this court. We think the circuit court decided rightly in finding the issue for the defendants, and its judgment must be affirmed.

*Judgment affirmed.*