Hanna *v.* The Cincinnati and Fort Wayne R. R. Co.

HANNA *v.* THE CINCINNATI AND FORT WAYNE R. R. Co.

RAILROADS—SUBSCRIPTION CONTRACT.—An association for the construction of a railroad was formed under a general law, which authorized the amendment or repeal of the law at the discretion of the Legislature. The law did not authorize the consolidation of railroad companies. *A* subscribed to the stock of the company. Afterward, a general act was passed authorizing such consolidation. The company was then consolidated with another. But it was apparent from the articles of association, that such consolidation was one of the purposes for which such association seemed to have been organized, and that the consolidation was only carrying out that purpose, and did not work a fundamental change of the object contemplated. *Held,* That such action of the company did not discharge *A* from the payment of his subscription.

APPEAL from the *Allen* Circuit Court.

HANNA, J.—Suit on a subscription to the capital stock of said company. The pleadings were so framed as to present the question of the power of the corporation to consolidate with another company, and at the same time retain the right to enforce the collection of said subscription, the subscriber never having consented to said consolidation. Judgment for plaintiff.

This corporation was organized under the general railroad law, (1 R. S. 1852, p. 420,) the 37th section of which is, that "This act may be amended or repealed at the discretion of the Legislature." The articles of association were signed and the subscription made by the defendant on the 24th day of *February*, 1853. On the 11th of *March*, 1853, the consolidation was made with the *Four-Mile Valley Railroad Co.*, organized under the laws of the State of *Ohio*, to build and own a railroad from *Cincinnati* to *Fort Wayne*.

By the articles of association, the name adopted was that by which they now sue. The road was to commence at *Fort*

*Wayne* and be constructed to the eastern line of the county of *Wayne*, pointing in the general direction of *Cincinnati*.

It is manifest that it was the purpose of the association to make a through connection by rail between the commercial points of *Fort Wayne* on the canal and *Cincinnati* on the *Ohio* river. This could only be done by some kind of arrangement between an *Indiana* and an *Ohio* road. We believe there was no general statute in this State, at the time of defendant's subscription, authorizing the consolidation of companies; that is, none that had been published. It is true, that on the 23d of *February*, 1853, such an act was passed and approved, and on the 4th of *March* following, an act explanatory thereof.

Were these acts such as the Legislature had the rightful authority to pass as amendments to the said general law of 1852, under the 37th section thereof? Or rather, in this instance, having been passed as general independent enactments, could they, under said section, be applied to said association previously formed?

It is not necessary for us to decide the question whether said acts would apply in any and all consolidations that might have been attempted between various roads, or those having diverse interests. All we need and all we do decide is, that, in view of the purpose for which the association seems to have been organized, and that the consolidation was only carrying out that purpose, and not a fundamental change of the object contemplated, we are of opinion such action of the company did not exonerate the defendant from his undertaking. This is on the ground that it was such an amendment as the defendant might have reasonably anticipated at the time he subscribed, even if that should be the very favorable rule (for defendant) that should govern. But see, as bearing upon these points, Peirce on R. R. Law, 93; 10 Barb., 260; 12 *id.*, 156; 27 Ver., 420; 1 Kernan, 102; 4 *id.*, 336;

22 N. Y., 12; 14 Ill., 373; 23 Mo., 111; 30 Me., 594; 6 Cush., 424; 28 Conn., 289.

*Wm. H. Combs*, for the appellant.

*W. H. Withers, John Morris*, and *Charles Cuse*, for the appellee.

