# The Chicago and Alton Railroad Co.

## *v.*

## John Elmore.

1. Negligence—*failure to give statutory signal at crossing, prima facie evidence of.* In an action against a railroad company to recover damages received by a collision with the train at a road-crossing, the court gave the following instruction for the plaintiff: "If the jury believe, from the evidence, that the defendants, their agents and servants, omitted to ring a bell or sound a whistle in the manner required by law, such omission constitutes a *prima facie* case of negligence, and the defendants are liable to plaintiff for the loss and damage proved to have been sustained by him by reason of such negligence:" *Held*, that such instruction did not assume the absolute liability of the company for the omission to comply with the statute, and that the only construction to be given to it was, that the proof must show the damage was occasioned by reason of such neglect to ring the bell or sound the whistle, and therefore was not erroneous.

2. Same—*excuse for slight negligence on the part of the plaintiff.* In the same case, the court also gave the following instruction for the plaintiff: "The jury are instructed that, if they believe, from the evidence, that a bell was not rung or a whistle sounded at a distance of eighty rods from the crossing, and kept ringing or whistling until the crossing was reached, and the plaintiff was lulled into security by reason of such neglect on the part of the defendant, then plaintiff would have the right to recover, even though he was guilty of slight negligence:" *Held*, that the instruction was not erroneous.

3. Notwithstanding the neglect of a railroad company to give the statutory signal before approaching a road-crossing with its train, the traveler must exercise caution and prudence, but without such warning of danger his care would necessarily be less, and any injury to him, under such circumstances, must naturally be attributed, in a great degree, to the negligence of the company.

Appeal from the Circuit Court of Menard county; the Hon. Charles Turner, Judge, presiding.

This was an action on the case, by John Elmore against the Chicago and Alton Railroad Company, to recover damages for injury to the plaintiff's person, the killing of a horse and injury to another, and the breaking of his wagon, caused

by a collision with a train of the defendant at a public road-crossing. The negligence attributed to the defendant was an omission to ring a bell or sound a whistle before reaching the crossing, as required by the statute. The facts appear in the opinion.

Mr. N. W. Branson, for the appellant.

Messrs. Lacey & Wallace, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

It is urged that the negligence of the plaintiff was not only largely contributory to, but was the sole cause of the accident to him and his property.

The negligence imputed to the plaintiff in approaching the crossing of the railroad track, and the omission of the company to ring the bell or sound the whistle in compliance with the statute, were matters contested before the jury. The conflict in the evidence was of that character which the jury were peculiarly qualified to reconcile, and we can not say that any injustice has been done. The damages assessed were only $200, for some injury to the person of the plaintiff, the killing of one horse and injury to another, and the breaking of the wagon. Neither the amount of the verdict, nor anything apparent in the record, justify the conclusion that the jury were actuated by passion or prejudice. Without a recapitulation of the testimony, it is sufficient to remark that we are satisfied the evidence sustains the finding.

Objection is made to this instruction :

"If the jury believe, from the evidence, that the defendants, their agents and servants, omitted to ring a bell or sound a whistle in the manner required by law, such omission constitutes a *prima facie* case of negligence, and the defendants are liable to plaintiff for the loss and damage proved to have been sustained by him by reason of such negligence."

The last clause of the instruction is in almost the exact language of the statute, and does not assume an absolute liability on the part of the company for the omission to comply with the law. The plausible, if not the only construction, to be given to this instruction is, that the proof must show that the damage was occasioned by reason of the neglect to ring the bell or sound the whistle.

The eighth instruction is almost in the language of this court in the case of *C. B. and Q. R. R. Co.* v. *Triplett*, 38 Ill. 483. It is as follows:

"The jury are instructed that, if they believe, from the evidence, that a bell was not rung or a whistle sounded at a distance of eighty rods from the crossing, and kept ringing or whistling until the crossing was reached, and the plaintiff was lulled into security by reason of such neglect on the part of the defendants, then plaintiff would have the right to recover, even though he was guilty of slight negligence."

The statute requires timely warning to be given of the approach of all trains to the crossings of public highways. The signal must be so prolonged as to give the traveler full and ample notice of the coming train. When he approaches a crossing and no signal has been given, the necessary conclusion in his mind is, that no train is near, and he is not so careful or watchful as if the required signal had been heard. Notwithstanding the neglect of the company, the traveler must exercise caution and prudence, but his care would necessarily be less when he had no warning of danger; and any injury to him, under such circumstances, must naturally be attributed, in a great degree, to the negligence of the company.

In the case before cited, somewhat similar to this in the facts, this court said: "The vigilance of the deceased was probably lulled to sleep by the fact that he had not heard the signal which the law required from the coming train. We

consider the deceased as guilty of a certain degree of negligence, but of a degree slight in comparison with the reckless carelessness of the persons having the train in charge. His carelessness may have been induced by the presumption that these persons would do their duty."

The refused instruction is substantially contained in several given for the company.

We think the judgment should be affirmed, and it is accordingly done.

*Judgment affirmed.*