## S. C. CONWELL

*v.*

## JOHN McCOWAN *et al.*

1. PARTNERSHIP—*one partner assuming payment of firm debts.* Where one partner, on the dissolution of partnership, assumes the payment of a note of the firm, the other partner, as between themselves, becomes merely a surety on the note, although, as between them and the payee, they are both principals.

2. MORTGAGE—*when delivery is sufficient.* Where, upon the dissolution of a partnership, one partner assumes the payment of a firm note, and executes a mortgage to the payee of the note to secure its payment, and as indemnity to the other partner against his liability thereon, a delivery of the mortgage to such other partner is sufficient.

3. SUBROGATION—*when party paying debt secured by mortgage is entitled to.* Where, on dissolution of partnership, one partner assumes the payment of a partnership note, and executes a mortgage to the payee of the note to secure its payment, and to indemnify his co-partner against the payment thereof, such co-partner will be entitled to be subrogated to the rights of the mortgagee to the extent of any payment he may have to make on such partnership note.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the plaintiff in error.

Mr. JOHN W. PITMAN, and Mr. D. WARD, for the defendant in error McCowan.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

When this case was before us on a former appeal, the decree was reversed, because it did not appear that complainant had paid any portion of the mortgage indebtedness, and therefore he could not be subrogated to the rights of the mortgagee, and have the premises sold to pay any indebtedness to himself. 53 Ill. 363. Leave was given complainant to amend his bill, which was done, so as to show what amount he had in fact paid and what amount still remained to be due to the mortgagee. Thompson, the mortgagee, answered complainant's amended bill, and also filed a cross-bill, asking to have the mortgage foreclosed for the amount still due him. On the final hearing, a decree of foreclosure was entered on the original and cross-bills, finding the respective amounts due to Thompson and McCowan, subrogated the latter to the rights of the former, under the mortgage, to the extent he had paid the indebtedness thereby secured, and directing a sale of the premises in default of payment of the sums found due.

The facts in this case, as shown by the testimony, estop defendant from maintaining there was no delivery of the mortgage. The note it was intended to secure was made by McCowan and Conwell, with the Walkers as sureties. Thompson seems to have regarded the sureties as good, and did not require any further security on the note. McCowan and Conwell had been partners, and, on the dissolution of the firm, they were indebted to Thompson in the amount of this note. By the terms of the dissolution, Conwell assumed to pay the liabilities of the late firm, including the note to Thompson, on which the Walkers were their sureties. The mortgage now sought to be foreclosed was executed by Conwell, not so much to secure that indebtedness to Thompson, by way of further security to him, as indemnity to McCowan that neither he nor his sureties would have to pay it.

As between Thompson and the makers, McCowan and Conwell, they were both principals on the note, but Conwell having assumed to pay the debt, as between themselves, McCowan was a mere surety for Conwell. The mortgage was executed to secure the indebtedness of the firm to Thompson, which Conwell had individually assumed to pay. It was delivered to McCowan both as security for the indebtedness of the firm to Thompson and as indemnity to McCowan against the failure of Conwell to meet his engagement to make the payment, and that, in law, was itself a sufficient delivery. Since McCowan has paid a large portion of the firm indebtedness to Thompson, it would now be inequitable to permit Conwell to say the mortgage had never been delivered, and was for that reason invalid. Whether Thompson desired to accept it as additional security or not, is wholly immaterial. It was delivered for the benefit of McCowan and their securities, and the mortgagor was not at liberty to retract it.

It is clear, from the evidence, McCowan has paid a large portion of the indebtedness to Thompson, which, in equity, Conwell was bound to pay. The amount found seems to be correct. Upon the clearest principles of equity, complainant is entitled to be subrogated to the rights of Thompson, under the mortgage, to the extent he has paid the indebtedness of defendant to him. That is the extent of the present decree, and it is warranted by the principles of equity and justice. 1 Story Eq. Jur. sec. 502, and notes.

The directions given as to the terms of the sale are sufficiently definite to comply with the requirements of the statute, and the decree will be affirmed.

*Decree affirmed.*