## PEORIA, DECATUR AND EVANSVILLE RAILWAY CO.
### v.
### REUBEN FOLTZ.

BURDEN OF PROOF—INSTRUCTION.—Where an instruction required appellant to prove that the accident complained of did not result from the failure on the part of appellant to cause the bell to be rung or the whistle sounded. *Held* that this instruction was improper, as it changed the burden of proof and required appellant to prove a negative.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. JONES, Judge, presiding. Opinion filed October 10, 1883.

Messrs. STEVENS, LEE & HORTON and Mr. J. H. HALLEY, for appellant; as to omission to give signals, cited T. W. & W. R'y Co. v. Durkin, 76 Ill. 395; Quinn v. I. C. R. R. Co. 51 Ill. 495; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398; C. & A. R. R. Co. v. Randolph, 53 Ill. 510.

The mere omission to ring the bell or sound the whistle will not *per se* render the company liable: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. & A. R. R. Co. v. Elmore, 67 Ill. 176; P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72; R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109; Galena & C. U. R. R. Co. v. Dill, 22 Ill. 264.

As to burden of proof: Galena & C. U. R. R. Co. v. Dill, 22 Ill. 264.

Messrs. FITHIAN & HEAP, for appellee; as to negligence, cited I. C. R. R. Co. v. Gillis, 68 Ill. 317; R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; Shuman v. I. & St. L. R. R. Co. 11 Bradwell, 472.

CASEY, J. Appellee recovered a judgment in the circuit court against appellant for killing his horse. Upon the trial of the cause in the circuit court the following instruction was given to the jury at the instance of appellee:

"3d. The court instructs the jury for the plaintiff that, under the law, the defendant railway company is required to cause a bell of at least thirty pounds weight and a steam whistle placed and kept on each locomotive engine, and is required to cause the same to be rung or whistled by the engineer or fireman at a distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and is required to keep said bell ringing or whistle whistling until such highway is reached; and the court further instructs the jury for the plaintiff that if they believe from the evidence that the railway company by its engineer or fireman failed to ring the bell or sound the whistle as so required, makes it *prima facie* guilty of such negligence as renders the company liable, unless it has been shown by evidence the injury complained of is not fairly attributable to such neglect."

The latter part of this instruction does not state the law correctly, and the jury may have been misled by it. The failure upon the part of appellant to give the signals at highway crossings as required by the statute constitutes a *prima facie* case of negligence. But it does not follow that appellant is liable for any and all damages a party may sustain when the company has failed to give the signal required by the law, whether such damages were sustained by reason of such neglect or from some other cause.

Until some proof is given tending to show that the injury resulted from the failure to ring the bell or sound the whistle, the burden of proving a negative should not be thrown on the company. G. & C. U. R. R. Co. v. Loomis, 13 Ill. 548.

The evidence does not show, and we can not presume that the,

accident was the result of a failure on the part of appellant to cause the bell to be rung or the whistle sounded.

The instruction changed the burden of proof, and required appellant to prove a negative, that is, that the accident did not result from the failure on the part of appellant to cause the bell to be rung or the whistle sounded. In this respect the instruction was erroneous: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109; G. C. & U. R. R. Co. v. Dill, 22 Ill. 264; C. & A. R. R. Co. v. Elmore, 67 Ill. 176.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.