## CHARLES V. CHANDLER *et al.*

*v.*

## VAN H. HIGGINS *et al.*

*Filed at Ottawa March 26, 1884.*

1. SATISFACTION—*by levy on personal property—how far that will operate as a satisfaction.* The levy of an execution upon personal property of value sufficient to satisfy the debt, operates as a satisfaction for the time being, but it is not an absolute satisfaction. If on a sale enough is not realized to discharge the debt, or if the property is returned to the execution debtor, and the levy released by his consent, or if by some act of the execution debtor the fruits of the levy are lost to the creditor, there will be no satisfaction of the judgment and execution.

2. ASSIGNMENT OF JUDGMENT—*redemption.* An assignment of a judgment may be made so long as anything remains due thereon, and a valid redemption may be made under an *alias* execution issued thereon, from a sale under a senior judgment.

3. SAME—*transfer of bankrupt's interest, after limitation.* After the Statute of Limitations has run against an assignee in bankruptcy, an assignment of an interest in a judgment held by the bankrupt can not be called in question.

4. PAYMENT BY SURETY—*keeping judgment alive for his indemnity.* The law is well settled that a surety against whom a judgment is rendered, with his principal, may advance the money to the creditor, and have the judgment assigned to a third party, and kept alive for his security.

5. SAME—*in case of partners, as sureties for each other.* Where one partner, on the dissolution of the firm, assumes, for a consideration, to pay the firm debts, as between themselves the other partners are sureties for him, and on judgment against all, those who are thus sureties may advance the money to the creditor, and have his judgment assigned to a third party, to be kept alive for their indemnity; and this will not operate as a satisfaction of the judgment.

6. REDEMPTION—*by judgment creditors—statute liberally construed.* A judgment creditor may redeem from a sale or sales made under senior judgments. The policy of the law favors such redemptions, and the statute allowing them is construed liberally, so as to make the execution debtor's property pay as much of his indebtedness as possible.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. FAIRCHILD & BLACKMAN, and Mr. C. F. WHEAT, for the plaintiffs in error:

The effect of the levy by the sheriff of Kane county on land and stock, and by the sheriff of Cook on land, and the appropriation of the stock levied on to the purchaser of the Chisholm judgment by Pease, and the assignment of the judgment to Fuller, was to satisfy the judgment. *Harris* v. *Evans,* 81 Ill. 419; *Smith* v. *Hughes,* 24 id. 270; *Drefahl* v. *Tuttle,* 42 Iowa, 177; *Marden* v. *Vedder,* 5 Cord, 671; *Hunt* v. *Breading,* 13 S. & R. 37; *Tompkins* v. *Fifth National Bank,* 53 Ill. 57.

As Chisholm was not told the object of the assignment, it was a payment. *White* v. *Fisher,* 62 Ill. 258; *Frost* v. *Yonkers,* S. B. 560.

To give priority to the lien of junior judgment. *Dean* v. *Davidson,* 13 S. & R. 341; *Hayden* v. *Agent of Prison,* 1 S. & Ch. 195; *Whiting* v. *Butler,* 29 Mich. 134.

To make the judgment unassignable. *Wood* v. *Van Arsdale,* 3 Rawle, 401.

To make an execution issued thereon void at law and in equity. *Bones* v. *Aikin,* 35 Iowa, 534; *Coggeshall* v. *Ruggles,* 62 Ill. 401; *Carnes* v. *Platt,* 59 N. Y. 411.

The assignee took an equitable title to the right of the assignor, and subject to defences, (*Hosack* v. *Underwood,* 55 Ill. 123,) and until the defendants had notice of the assignment it is as though, to them, not assigned. *Himrod* v. *Baugh,* 85 Ill. 435.

Complainants having the right to redeem as judgment creditors, may have the same enforced in equity. *Roan* v. *Rohrer,* 72 Ill. 582.

A court of chancery has jurisdiction, and will enjoin the holders of a paid judgment from using it to the prejudice of a junior judgment creditor, upon the ground of removing a cloud from title. *Conwell* v. *Watkins,* 71 Ill. 488; *Christie* v. *Hale,* 46 id. 117; *Buill* v. *Crouch,* 37 Texas, 53.

The levy on personal property sufficient to satisfy the same, is a satisfaction of the judgment, and such levy could not be released except by consent of all the parties. *Montgomery* v. *Wayne,* 14 Ill. 373; *Smith* v. *Hughes,* 24 id. 277; *Herrick* v. *Swartwout,* 72 id. 340; *Gregory* v. *Stark,* 3 Scam. 612; *Gold* v. *Johnson,* 59 Ill. 63.

If one joint debtor pays the debt or judgment, it is discharged, and can not be kept alive for his benefit by assignment. *New York State Bank* v. *Fletcher,* 5 Wend. 88; *Hosack* v. *Underwood,* 55 Ill. 123; *Tompkins* v. *Fifth National Bank,* 53 id. 57; *Coggeshall* v. *Ruggles,* 62 id. 401; *Harbeck* v. *Vanderbilt,* 20 N. Y. 497.

Mr. A. W. GREEN, and, also, Mr. EDWARD JUDD, for the defendants in error:

Where one partner, for a consideration, assumes payment of the firm debts, as between the firm he will become principal debtor, and the other members his sureties. *Conwell* v. *McCowan,* 81 Ill. 287; *Waddington* v. *Vredenburgh,* 2 Johns. Ch. 227; *Wood* v. *Dodgson,* 2 M. & S. 195; *Ætna Ins. Co.* v. *Wires,* 28 Vt. 93; *Colgrove* v. *Tollman,* 67 N. Y. 95.

A surety who pays a debt reduced to judgment is entitled to have the judgment kept alive for his benefit. Bispham's Equity, sec. 336; *Berringer* v. *Boyden,* 7 Jones' Law, (N. C.) 187; *Crawford* v. *Logan,* 97 Ill. 396; *Flagg* v. *Geltmacher,* 98 id. 293; *Dempsey* v. *Bush,* 18 Ohio St. 376; *Fleming* v. *Beaver,* 2 Rawle, 128; *Scott's Appeal,* 88 Pa. St. 173; *Townsend* v. *Whitney,* 75 N. Y. 432; *Cuyler* v. *Tevis,* 6 Paige, 32; *Corey* v. *White,* 3 Barb. 12; *McIntyre* v. *Miller,* 13 M. & W. 247; *Wheeler's Estate,* 1 Md. Ch. 80.

The levy of the Chisholm execution upon the personal property of Pease was not a satisfaction of the judgment, because the levy was released with the consent of Pease, the judgment debtor, and the property levied upon restored to him. *Ambrose* v. *West,* 11 Ill. 488; *Green* v. *Burke,* 23 Wend. 490;

*United States* v. *Dashiel,* 3 Wall. 688; *The People* v. *Hopson,* 1 Denio, 574; *Peck* v. *Tiffany,* 2 Com. 451; *Banks* v. *Evans,* 10 S. & M. 35; *Wade* v. *Watt,* 41 Miss. 248; *Ex parte King,* 2 Dev. L. (N. C.) 341.

A judgment need not be a lien, to entitle the judgment creditor or his assignee to redeem. *Sweezy* v. *Chandler,* 11 Ill. 445.

If the property has been sold several times, a judgment creditor may make all necessary redemptions, though he has but one judgment. Freeman on Executions, sec. 317; *Ex parte Peru Iron Co.* 7 Cow. 540.

Leaving out of consideration the assignment from the assignee in bankruptcy, the evidence shows that Higgins is a *bona fide* assignee of the Chisholm judgment, for a valuable consideration, by regular assignment from the plaintiff in the judgment. Complainants, who are not even creditors of Pease, can not attack this assignment. The right to attack it is vested exclusively in the assignee in bankruptcy of Pease. *In re Myers,* 1 B. R. 581; *Glenny* v. *Langdon,* 98 U. S. 20; *Sewart* v. *Isidor,* 5 Abb. Pr. (N. S.) 68; *Bolling* v. *Munchaus,* 59 Ala. 482; *Thomas* v. *Phillips,* 5 Pa. St. 355.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On looking into this record it is seen this bill was brought by the executors of Charles Chandler, deceased, against Van H. Higgins, a former, and the present, sheriff of Cook county, J. W. Hambleton, and other persons in some way interested in the subject matter of the litigation. The relief sought is, that a redemption from sheriff's sales made by Higgins, as the assignee of a judgment creditor of Thomas S. Dobbins, of the premises in controversy be set aside, and that a sheriff's deed to Joseph W. Hambleton for the same property be also · set aside, as having been made without authority of law, and in fraud of the rights of complainants' testator, who in his lifetime was a judgment creditor of Dobbins, and on that

being done, that complainants be permitted to redeem the property, as a judgment creditor might do, from a previous sheriff's sale, which it is conceded was rightfully made. It is represented in the bill that a number of persons obtained judgments against Thomas. S. Dobbins and others, all of which it seems became liens upon the real property of Dobbins. These several judgments are all set out in the bill in the order in which they became liens. It will not be necessary to an understanding of the questions discussed, to make reference to all of the judgments recited in the bill. So far as it may be thought to be necessary it will be done as the discussion goes on. On the 16th day of December, 1875, Robert B. Chisholm recovered a judgment in the Superior Court of Cook county, against Thomas S. Dobbins, George S. Brown, Walter L. Pease and John S. Wilcox, for $16,625, and costs of suit. It appears that on the same day an execution was issued on this judgment, directed to the sheriff of Kane county, where some proceedings were had on it that will be noticed hereafter. It is shown this judgment was assigned by plaintiff to Allen C. Fuller, and by him assigned to Lawrence, and by the latter it was re-assigned to Chisholm, the plaintiff, and by the plaintiff then assigned to Higgins. A copy of the assignment of the Chisholm judgment was filed in the office of the clerk of the Superior Court, where the judgment was rendered. By virtue of an *alias* execution issued on that judgment, Higgins redeemed the property from a previous sheriff's sale that had been made on an execution issued on a judgment in favor of Matthieson, against Dobbins, and at the subsequent sale Joseph W. Hambleton became the purchaser of the property, and afterwards received a sheriff's deed for the same. It appears the judgment creditor received the redemption money, and there is no complaint on that score. This is the deed complainants ask to have set aside.

It will be noted that Higgins, with the same execution, redeemed the same premises from sheriff's sales on executions

issued on judgments in favor of Burley & Gregg, and Munger. These latter judgments were prior liens on the property to that created by the Matthieson judgment. It also appears these latter judgment creditors received the redemption money, and now make no complaint. This is the redemption that complainants ask to have set aside, and the sheriff enjoined from selling the property under the execution on which it was redeemed from the previous sales.

On the 6th day of April, 1876, Charles Chandler, since deceased, recovered a judgment in the Superior Court against Thomas S. Dobbins and others, for $10,961.10, and costs of suit. An execution issued on that judgment on the 2d day of May, 1876, was returned by the proper officer unsatisfied. After the death of the plaintiff, complainants filed a copy of their letters in the office of the clerk of the Superior Court, and caused an *alias* execution to be issued and placed in the hands of the proper officer. Complainants tendered to the sheriff having the execution, a sum of money sufficient to redeem all the lots in block three (3) from the previous sales on the executions issued on the Burley & Gregg and Munger judgments, and requested him to levy the execution on the lots mentioned. The tender was made in apt time if a redemption was allowable, but the sheriff refused to take the money and permit a redemption, for the reason the property had previously been redeemed by Higgins, and had not been sold a second time. This bill was then filed to set aside that redemption by Higgins and the deed to Hambleton, as hindrances in the way of the redemption complainants desired to make. The principal reason assigned why the redemptions made by Higgins should be set aside is, that the Chisholm judgment under which the redemptions were made had been satisfied and fully paid before it was assigned to Higgins, and hence no valid redemption could be made under it. Whether the Chisholm judgment against Dobbins and others had in fact been satisfied before it was assigned to Higgins,

is the controlling question in the case, and the only one that need be considered. It is obvious if it were a subsisting judgment, and unsatisfied in the hands of Higgins, the redemptions made by him under the execution issued on it were valid, and the bill should have been dismissed, as was done.

Three objections are taken to the Chisholm judgment in the hands of Higgins, and to the use made of it by him: First, that the judgment was satisfied by payment of the same to Chisholm by Pease, one of the judgment debtors; second, it was satisfied by a levy of the execution issued on it upon personal property of the judgment debtors, greater in value than the sum due on the judgment; and third, if Pease had any interest in the judgment, as equitable owner, or otherwise, it passed by his bankruptcy to his assignee. Considering these objections in the inverse order stated, it would seem to be a sufficient answer to the latter objection that Lewis, the assignee of Pease in bankruptcy, assigned and transferred whatever title or interest he may have had in the judgment, if any, to Higgins, and whether that assignment was regularly made or not, since then the bar of the Statute of Limitations has run against any recovery by the assignee of the bankrupt. Unless challenged in some way the assignment would be valid, and that can not now be done.

There is no pretense the Chisholm judgment was satisfied before it came to the hands of Higgins, by any levy upon, and sale of, real estate. Something was made on it in that way, but not enough to discharge it. If it was satisfied at all, it must have been by a levy upon bank stock owned by Wilcox, one of the execution debtors, and by a further levy on bank and other stock belonging to Pease, another one of the execution debtors. The law is, the levy of an execution upon personal property sufficient to satisfy it, operates as a satisfaction for the time being, but it is not an absolute satisfaction. It may be if the property was sold, for some

reason the sum realized might not be sufficient to discharge
the execution indebtedness, or it might be shown it was re-
turned to the execution debtor and the levy released by his
consent, or it might be shown that by some act of the execu-
tion debtor the fruits of the levy were lost to the creditor.
(*Montgomery* v. *Wayne*, 14 Ill. 373.)   Applying these general
principles to the case in hand, it is seen the levy on the bank
and other stock of Pease was subsequently released by his
consent, and from it nothing was realized.   It does not ap-
pear that Wilcox ever consented to releasing the levy upon
his bank stock.   But crediting the execution with the sum
made by the sale of real estate, and also the full value of the
Wilcox bank stock levied upon, there still remained, as this
evidence is understood, quite a considerable sum unpaid on
the execution at the time the judgment was assigned to
Higgins.

Nor is the other objection taken, tenable.   It may be true
that Pease furnished the money to pay Chisholm, and caused
the judgment to be assigned to Fuller.   It was done for the
purpose of keeping the judgment alive for the security of
Pease, and that, under the facts, as shown by the record, it
is thought he might lawfully do.   The judgment in favor of
Chisholm was rendered on a promissory note given by the
firm of T. S. Dobbins & Co., of which firm Pease was a mem-
ber.   The firm expired by limitation, and by an agreement
subsequently made, the firm sold to Thomas S. Dobbins all
its assets, and he agreed, among other things, to assume all
the liabilities of the firm, and save the individual members
from all trouble, loss or litigation growing out of the affairs
of the firm.   All the members of the firm (unless it was
R. M. Hough) signed the agreement, and Dobbins took pos-
session of the assets of the firm, and undertook to pay its
debts.   On this subject the law is, where one partner, on the
dissolution of the firm, assumes, for a consideration, to pay
the firm debts, as between themselves the other partners are

39—109 ILL.

sureties for him. As respects third parties, of course their relations are not at all changed. (*Conwell* v. *McCowan*, 81 Ill. 285.) The law is well settled that a surety against whom judgment is rendered, with his principal, may advance the money to the creditor, and have the judgment assigned to a third party, and kept alive for his security. That is what was done in this case, and it seems clear the Chisholm judgment was kept alive for the security of Pease, that it might eventually be made out of the property of Dobbins, who was obligated to pay it.

The first and second redemptions made by Higgins, seem to have been made under the same judgment and under the same execution. The last redemption was from a sale or sales under senior judgments. No reason is perceived why this may not be done under the statute. The policy of the law favors redemptions, and to that end the statute allowing redemptions from judicial sales has uniformly been construed liberally, so as to make the execution debtor's property pay as much of his indebtedness as possible. A case somewhat analogous in principle is *Ex parte Peru Iron Co.* 7 Cow. 540.

The judgment will be affirmed.

*Judgment affirmed.*


Mr. JUSTICE MULKEY took no part in the consideration of this case.


Mr. JUSTICE WALKER: I concur in the conclusion reached in this case, but am not prepared to adopt all that is said in the opinion.


Mr. JUSTICE DICKEY: I am not satisfied that the Chisholm judgment was still in force, and such as gave Higgins a lawful right, as against Dobbins, to collect the same. But Hambleton is a *bona fide* purchaser at a sale on proceedings good upon their face, and should be protected. As to the

right of complainant to redeem from the sales made on the judgments in favor of Burley & Gregg, and Munger, I think he has no such right. Whether the Chisholm judgment was valid or invalid, still the redemption was in fact made, and the redemption money *was accepted* by the purchaser. This extinguished this sale, and hence there is no sale from which complainant can now redeem. If the Chisholm judgment was valid, Higgins got a good title by his redemption and subsequent sale under that judgment. If it was not valid, the redemption simply extinguished the sale, and left the land liable to levy under any other judgment. I therefore think the judgment of the Appellate Court ought to be affirmed.