## DIXON NATIONAL BANK

### v.

### JACOB SPIELMANN.

*Negotiable Instruments—Notes—Partnership—Dissolution—Assumption of Debts of—Burden of Proof—Principal and Surety—Evidence—Instructions—Practice—Notice.*

1. If in a given case there is a conflict of evidence on a material issue of fact, and the instructions given are found to be misleading and inaccurate, and a reviewing court can see that such erroneous instructions may have influenced the jury to the injury of the party assigning error upon them, the verdict must be set aside and the case remanded for a new trial.

2. In an action brought to recover upon certain promissory notes given to renew a prior indebtedness of a copartnership subsequent to the dissolution thereof, by one of its members who signed the firm name thereto, he having purchased the interests of the other partners, and agreed to assume the debts of such firm, this court holds, the contention being as to whether, when said notes were delivered, the officers of the bank receiving them knew of such dissolution, and that the firm debts had been so assumed, that, in view of the giving of erroneous and misleading instructions, the judgment for the defendant can not stand.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. Ball & Oakley, for appellant.

Messrs. Hofheimer & Zeisler, for appellee.

Moran, J.   This action was brought to recover on two promissory notes dated March 2, 1878, one for $900, and the other for $1,270, signed Spielmann, Dement & Pischel.   The notes were executed by Dement and were given for renewal of a firm indebtedness which was owing from the firm of Spielmann, Dement & Pischel to the bank, but before the making of said notes the firm had been dissolved. Dement purchased from the other partners all their interests in the assets of the firm, and in consideration thereof agreed to assume and pay all debts then owing by the firm and to save and protect Spielmann and Pischel harmless therefrom.

The main issue of fact in the case was upon the question whether, at the time the bank received said notes signed by Dement with the firm name, in renewal of prior notes of the firm which were due, the bank or its agents knew of the dissolution of the firm and that Dement had assumed and agreed to pay the firm debts.

By said agreement, Dement had, as between him and appellee, become the principal debtor to the bank and appellee had taken the place of a surety.   Conwell v. McCowan, 81 Ill. 285; Chandler v. Higgins, 109 Ill. 602.

The bank, at the time of the renewal, received from Dement interest in advance on the notes in suit for ninety-three days, and this constituted a good consideration for the renewal. Therefore if the bank knew of the dissolution agreement, its agreement to extend the time for payment to Dement was a discharge of appellee.   Brandt on Suretyship, Sec. 23; Oakeley v. Pasheller, 10 Bligh, N. R. 548; Smith v. Sheldon, 35 Mich. 42.

On this main issue of fact in the case, the evidence is closely conflicting, and there is at least, doubt, as to the preponderance being with appellee.   Dement, who was called as a witness by appellant, testified that at the time the notes in question were given, the bank officers understood the whole

situation exactly as it was, and that he explained to the parties who were running the bank the condition of affairs, but he says that he did not at that time consider the agreement he had made with his partners as a dissolution, but as an arrangement of embarrassed men to do the best they could under the circumstances. The officers of the bank, including the one who conducted the renewal transaction with Dement, testify that they had no knowledge or information at the time of the execution of the said notes that the firm had been dissolved, and did not learn said fact till long after, and that they were not informed by Dement of his agreement with his partners. There being this conflict of evidence on the material issue of fact, it was essential that the instructions given by the court to the jury should be perspicuous, accurate and clear; and where, in such a case, instructions are found to be misleading and inaccurate in the form in which the issue is submitted, and a reviewing court can see that such erroneous instructions may have influenced the jury to the injury of the party assigning error upon them, the verdict must be set aside and the case remanded for a new trial. Stearns v. Reidy, 18 Ill. App. 582, and cases there cited.

Counsel for appellant has not discussed the instructions in this case in either of his briefs, and does not in argument rely on or suggest any error in them, but as we find by the assignment of errors that he challenges the correctness of the instructions on the record, we are not at liberty to disregard errors therein. The defendant had the burden of proving that the bank had notice of the dissolution of the partnership and the agreement of Dement to pay the outstanding debts of the firm at the time the notes in question were given to the bank.

Whenever in the course of litigation it becomes necessary to affect a party with notice of a fact, the party who asserts the affirmative of a material proposition must take the burden of proving it. The judge refused an instruction asked by the appellant which correctly stated the rule as to the burden of proof, and of his own motion, gave to the jury, among others, the two following instructions:

"If you find from the evidence, that at or after the dissolution of the firm of Spielmann, Dement & Pischel, the defendant, Spielmann, authorized Henry D. Dement to sign the defendant's name to notes for the firm debts, and that said Dement, in pursuance of said authority, signed the notes dated March 2, 1878; if you believe from the evidence that the bank, through its officers, did not know, and could not, by the exercise of reasonable business diligence have known, that said firm was dissolved at the time of taking said notes of March 2, 1878, then you will find for the plaintiff on the notes of March 2, 1878."

"You are instructed that the burden of proof is on the bank, and it must establish its case by a preponderance of the evidence, and every material point on which the evidence does not preponderate in favor of the bank must be decided in favor of the defendant. In determining where the preponderance is you will consider all the facts and circumstances proven."

The first of these instructions requires the jury to find affirmatively, from the evidence, that the bank did not know and could not, by diligence, have known of the dissolution of the firm. It was either given in utter obliviousness of the difference between an affirmative and a negative, or it was intended that the jury should understand that the plaintiff had the *onus* on that question; and the last tells the jury in terms that every material point on which the evidence does not preponderate in favor of the bank must be decided in favor of defendant.

It would be difficult to draw instructions which would more completely reverse the attitude of the parties in relation to the principal issue which they were litigating or more effectually lift the burden from the one who had rightfully assumed it, and impose it on the other, upon whom it could not be laid without subverting well settled principles of jurisprudence governing the trial of suits at law.

Such instructions were clearly erroneous, and very likely misled the jury to the injury of appellant. Brown v. The People, 4 Gilm. 439; Galena & Chi. U. R. R. Co. v. Loomis,

13 Ill. 548; The People v. Price et al., 3 Ill. App. 16; Williams v. Shup, 12 Ill. App. 454; P., D. & E. R. R. Co. v. Foltz, 13 Ill. App. 535.

For the errors indicated the judgment must be reversed and the case remanded.

*Reversed and remanded.*