Albert Treffert, Administrator,

v.

The Ohio and Mississippi Railway Company.

*Railroads—Negligence—Personal Injuries—Practice—Special Findings—Damages.*

1. In an action against a railroad company for a wrongful death, a special finding that deceased did not exercise any precaution to protect herself from danger, is not such a finding of fact as will justify the court in entering judgment for defendant.

2. The amount of damages to be awarded in such an action must be left to the discretion of the jury.

[Opinion filed June 13, 1890.]

In error to the Circuit Court of Clinton County; the Hon. Benjamin R. Burroughs, Judge, presiding.

Plaintiff in error as administrator, brought this action against the railway company to recover damages for causing the death of his intestate, who was killed by defendant's train striking the vehicle in which deceased was riding, at a public highway crossing. The negligence charged is running the train at a dangerous rate of speed, and not managing and controlling it with care and caution; failing to give the warning signals, or either of them, as required by the statute, and failing to erect and maintain a warning board at said crossing. The jury returned a general verdict for plaintiff, assessing $500 damages, and also special findings upon questions submitted on behalf of defendant. Whereupon counsel for plaintiff entered a motion to set aside the general verdict and for a new trial, and on behalf of defendant a cross-motion was entered for judgment in favor of defendant on the special findings of the jury. The court overruled plaintiff's motion, sustained that of defendant and rendered judgment upon the special findings against plaintiff for costs. This writ of error sued out by plaintiff brings up the record for review, and on

his behalf we are asked to reverse the judgment of the Circuit Court, remand the cause with directions to set aside the general verdict, and award a new trial.

Messrs. B. D. LEE and M. P. MURRAY, for plaintiff in error

Messrs. POLLARD & WERNER, for defendant in error.

GREEN, J.   There are but two questions of importance presented for our decision.   First:   Did the court err in rendering judgment against plaintiff upon the special findings of the jury.   Second:   If it did, ought this court reverse and remand with directions to set aside the general verdict and award a new trial.   To sustain the judgment, defendant relies upon the special finding of the jury in their answer to the following question:   "What, if any, precautions, did the deceased, Mary Treffert, take or observe to guard against and protect herself from danger from a crossing train, in approaching and driving upon the track of defendant at the time of the alleged killing?"   Answer:   "None."   It is claimed this answer is equivalent to finding that deceased did not exercise due care.   For due care means *some* degree of care and the jury find deceased exercised none; hence the finding was inconsistent with the general verdict and the plaintiff's right to recover, and justified the court in rendering said judgment.

An examination of the statute and the construction given it by our Supreme Court will be necessary to furnish us a proper guide in deciding whether this contention of defendant is correct or not.   The statute is as follows:

"Sec. 1.   That in all trials by jury in civil proceedings in this State in courts of record, the jury may render, in their discretion, either a general or a special verdict.   And in any case in which they render a general verdict they may be required by the court and must be so required on request of any party to the action, to find specially upon any material question or questions of facts which shall be stated to them in writing, which questions of fact shall be submitted by the party requesting the same to the adverse party, before the commencement of the argument to the jury.

" Sec. 2. Submitting or refusing to submit a question of fact to the jury when requested by a party, as provided by the first section hereof, may be excepted to and be reviewed on appeal or writ of error as a ruling on a question of law

" Sec. 3. When the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly."

In the opinion in C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132, the Supreme Court have said, in giving construction to the statute, the first, and perhaps the most important question relates to the scope and meaning of the phrase, " material question or questions of fact." May such questions relate to mere evidentiary facts, or should they be restricted to those ultimate facts upon which the rights of the parties depend? Evidently, it would be of no avail to require the jury to find mere matters of evidence, because, after being found, they would in no way aid the court in determining what judgment to render. Doubtless a probative fact, from which the ultimate fact *necessarily* results, would be material, for there the court could infer such ultimate fact as a matter of law. But when the probative fact is merely *prima facie* evidence of the fact to be proved, the proper deductions to be drawn from the probative fact presents a question of fact and not of law, requiring further action by the jury, and it can not, therefore, be made the basis of any action by the court.

A fact which merely *tends* to prove a fact in issue without actually proving it, can not be said to be in any legal sense inconsistent with a general verdict, whatever that verdict may be. Tested by the rule thus announced, the question asked was not a proper one to be submitted, and the finding was not inconsistent with the general verdict. This was the ultimate fact in issue : Was the deceased *exercising reasonable care* for her own safety in approaching and driving upon the track of defendant at the time she was injured? The question ignores the ultimate fact and presents a mere probative fact.

From the evidence the jury might well have found that

the train approached the crossing rapidly without giving the warning required by the statute; that the deceased, presuming persons in charge of a train would do their duty, and hearing no sound of bell or whistle, felt secure and took no precaution to protect herself from danger, because, by the negligence of those in charge of the train, she received no warning of approaching danger until all or any precaution would have been unavailing; and yet have found, by their general verdict, without inconsistency, she was not guilty of want of reasonable care, all the other facts and circumstances proven being taken into consideration. Our Supreme Court have said: "Where a traveler approaches a crossing and no signal has been given, the necessary conclusion in his mind is that no train is near, and he is not so careful or watchful as if the required signal had been made. Notwithstanding the neglect of the company the traveler must exercise caution and prudence, but his care would necessarily be less when he had no warning of danger, and an injury to him under such circumstances must naturally be attributed in a great degree to the negligence of the company. C. & A. R. R. Co. v. Elmore, 67 Ill. 176; C., B. & Q. R. R. Co. v. Triplett, 36 Ill. 483. In our opinion the special finding could not legally be made the basis of any action by the court, and it was error to enter a judgment thereon against the plaintiff.

With reference to the second question little need be said. The reasons given for setting aside the verdict are, that it was a compromise verdict for too small an amount of damages, and such compromise was forced upon the jury by the instructions of the court. It is said this conclusion is to be inferred from the fact that upon a former trial of this cause a jury awarded $5,000 damages. We do not find the reasons given are supported by the record nor conclude that because one jury awarded a large amount of damages, and another a small amount, that the latter was too low or the former too high. As has often been said by the Supreme Court and by this court in cases of this kind, the amount of damages to be awarded is left to the discretion of the jury and must be determined by the jury. Unless we can see they have been

governed by improper motives, or their verdict is the offspring of prejudice or passion, we ought not interfere.

In this case we can not say the jury have not fairly and honestly performed their duty, nor can we say they have improvidently exercised the discretion given them.

We therefore decline to set aside the verdict, but reverse the judgment of the Circuit Court and remand the cause, with directions to that court to enter judgment for the plaintiff on the verdict of the jury for the damages assessed and costs of suit.

*Reversed and remanded with directions.*