# Dixon National Bank
## v.
## Jacob Spielman.

*Negotiable Instruments—Notes—Partnership—Dissolution — Evidence of.*

1. The evidence in the case at bar was insufficient to justify a finding that appellant bank had notice of the dissolution of appellee's firm prior to the executing of the notes sued on.

2. Upon rehearing this court holds that notice that as between a person named and the defendant the latter had become but a surety, was as effectual to preclude the former from pledging the credit of the defendant as notice of the dissolution, if received, would have been, and that the judgment for the defendant must be affirmed.

[Opinion filed January 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Ball, Wood & Oakley, for appellant.

Messrs. Hofheimer & Zeisler, for appellee.

Gary, J. In 1870 or 1871, a firm called Spielman, Dement & Pischel was formed at Dixon, Illinois, but in 1874 or 1875, it ceased to do any other business than renew its bills payable as they fell due.

Their business had been manufacturing, and from 1874 or 1875 their works had been operated by a creditor, the father of Dement. On the 1st of September, 1877, a paper under seal was executed between them by which Spielman and Pischel conveyed to Dement all their interest in property described, which, probably, though not so expressed, was the manufacturing plant. Dement gave his notes to Spielman for a large amount and covenanted with Spielman and Pischel to assume the payment of, and save Spielmen and Pischel harmless from, all debts of "the late firm of Spielman, Dement & Pischel."

By another paper under seal between Spielman and Dement there was shown a like conveyance by Spielman alone, and Dement agreed with Spielman to pay all outstanding obligations of Spielman, Dement & Pischel, "and the copartnership is hereby dissolved." This suit is by the bank against Spielman only, upon two notes made by Dement in the name of Spielman, Dement & Pischel, dated March 2, 1878, but not delivered until three weeks later, in renewal of other notes of the firm held by the bank and past due.·

As the case stands, the only question is one of fact—did the bank have notice of the dissolution of the firm before accepting these notes? Besides the inference that the jury might draw from the facts that Dixon is not a large city and that the firm had not been manufacturing for several years, and that therefore the bank must have known that the firm was out of business, and so were at least put upon inquiry as to Dement's authority to use the firm name,· the only evidence of notice of the dissolution to the bank is the testimony of Dement. He was a witness at the trial for the bank, and the appellee read from a deposition he had given earlier. In the deposition he had said that there was never any public announcement of the dissolution; that the bank understood the whole situation; knew of the dissolution, and that he knows that from his conversation with them, explaining the whole situation and telling them the substance of the agreement between Spielman and himself. He did not recollect any particular conversation, or which officer of the bank it was with. On the trial he testified that he did not show to the bank the agreement between Spielman and himself, and that he himself did not consider the firm dissolved. The bank officers deny notice.

Dement does not remember with whom he talked nor what was said, from which he draws the conclusion that the bank understood the whole situation. In Hawkins v. Harding, 37 Ill. App. 564, the character of that kind of testimony· as evidence, is commented upon, and its insufficiency shown. The inference to be drawn from the size of Dixon, and the cessation of business by the firm, is just as strong for the three or

four years when such inference would have been untrue, as for the six months, when it would have been true. The circumstances did not put the bank on notice of a fact, namely, the dissolution, which was no fact. And when the fact became a fact, there was no change in the circumstances.

As was decided when the case was here before, the burden was on the appellee to show notice. 35 Ill. App. 184. The evidence of notice can be called such only because the testimony of Dement is in the case without objection. His impressions now, as to the conclusions to be drawn from conversations a dozen years before he testified, if competent, are too weak evidence of such notice, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[ *Upon petition for rehearing, opinion filed March 19, 1892.*]

GARY, J.  In the former opinion it was said, " as the case stands, the only question is one of fact : did the bank have notice of the dissolution before accepting these notes ? "  By the instructions to the jury, the defense below was put upon that ground; but if there be a theory upon which the evidence would justify the verdict, if that theory had been formulated in instructions, then the verdict must stand, if there be no error of law in the case.  McCormick Har. M. Co. v. Burandt, 37 Ill. App. 165.

Now by the agreement between Dement and the appellee, as between themselves, Dement had become the principal in the debt to the bank and the appellee surety.  Chandler v. Higgins, 109 Ill. 602; Conwell v. McCowan, 81 Ill. 285; Brandt on Sur., Sec. 36.  With notice of that relation the bank could no longer deal with Dement as authorized to bind the appellee.

This point was overlooked in the former opinion, only the dissolution of the firm as a fact, and notice of that dissolution, being kept in mind.  It is part of the testimony of Dement, not before alluded to (except the last two lines), that when the notes were given, he told the cashier of the bank that he had agreed

to take up all these notes (meaning notes of the firm) that he could, asked the cashier to permit him to give his individual notes for the firm notes, and stated to the cashier the substance of the agreement between himself and the appellee.

We do not regard it as important that this testimony of Dement was in answer to questions on behalf of the bank when Dement's deposition was taken; it was read by the appellee to the jury. Nor that it is not denied by any testimony on behalf of the bank; such denial would only have made a conflict for the jury to settle. But if it be true, the notes in suit are not the notes of the appellee. We can no say that it is not true, though it would be more satisfactory if more specific. The notes for which these were given in renewal, were counted upon in additional counts filed January 25, 1889. To them the limitation of ten years was pleaded, and is a bar.

In the former opinion wherever notice is mentioned, notice of the dissolution of the firm was meant, but notice that as between Dement and the appellee, the latter had become but a surety, was as effectual to preclude Dement from pledging the credit of the appellee, as notice of the dissolution, if received, would have been. The judgment must be affirmed.

*Judgment affirmed.*