## Frank P. Wiley v. James H. Temple and Robert J. Dyatt, Surviving Partners, etc.

1. PARTNERSHIP—*Effect of Agreement by One Party to Pay the Debts on Dissolution.*—Where a partnership is dissolved and one partner for a consideration agrees with the other to pay the firm debts, as between themselves, the partner so agreeing becomes the principal and the other a surety for him.

2. SAME—*Effect of Such an Agreement on the Creditors.*—Such an agreement does not affect the creditors of the firm who have no notice of it, but as to creditors having knowledge of the agreement the retiring partner is a surety only, and if the firm creditors, with full knowledge of the agreement between the partners, extend the time of payment to the partner continuing the business, the retiring partner will be discharged from liability.

3. PRACTICE—*Release of Surety—Evidence Under the General Issue.* —The defense of an extension of time to the principal debtor is admissible on behalf of the surety under the general issue.

Appeal, from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term, 1899. Reversed. Opinion filed October 12, 1899.

G. T. GILLIAM, attorney for appellant.

COVEY & COVEY, attorney for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action of assumpsit, by appellees against the former firm of Wiley & Drake, of which appellant was a member.

On January 13, 1897, while the partnership still existed, the firm of Wiley & Drake executed to appellees their five promissory notes for $175 each, falling due respectively on the 10th days of May, June, July, August and September, 1897. Shortly after giving the notices the firm of Wiley & Drake dissolved partnership, appellant disposing of his interest in the firm to his partner, who took all the firm' assets and assumed all its liabilities. Two of the notes were paid, but the other three, together with an open account for $37.42 remaining unpaid, appellees, in November, 1897, sent their agent, Horner, to look after the matter. Drake then told Horner that the firm of Wiley & Drake had been dissolved, and that he had assumed the liabilities and would pay these notes from his collections during the holidays. Horner, however, insisted upon some arrangement being made at once, and Drake thereupon paid $100 in cash, gave his check for $57.05, and his individual notes for the balance of the indebtedness. The new notes were not paid, and this suit was brought to recover the amount due upon the old notes and said open account, against appellant and Drake as copartners, summons issuing against both. Appellant was served, but as to Drake the summons was returned " not found."

The declaration is in the usual form, and appellant pleaded, first, the general issue; second, that he did not promise James A. Temple and Robert J. Dyatt, surviving partners, etc.; third, a plea admitting the giving of the notes but setting up his withdrawal from the firm and the assumption of the firm indebtedness by Drake; averring that appellees were notified of the dissolution of the partner-

ship and the terms thereof; that Drake had settled the firm's indebtedness to appellees with Horner, the agent of the latter; that new notes were taken and accepted in full satisfaction of the indebtedness of the firm of Wiley & Drake to appellees, whereby appellant was released; and also that Horner had promised to cancel and return the old notes of Wiley & Drake.

The issues having been made up, the cause was tried by a jury. After the evidence was all in the court directed the jury to return a verdict for appellees. Motions for a new trial and in arrest of judgment were made and over-ruled and the bill of exceptions contains all proper excep-tions.

There is no controversy raised by the evidence in the case. The only evidence on the subject of the settlement and release was that of said Horner, who swore positively that he never released appellant, and, on the contrary, expressly told Drake that he would not do so until the account was actually paid in cash.

The only question necessary for us to consider is whether or not under the conceded facts appellant was liable for the debt. Where a partnership is dissolved and one partner agrees with the other, for a consideration, to pay the firm debts, as between themselves the partner making such promise becomes the principal and the other a surety for him. Conwell v. McCowan, 81 Ill. 285; Chandler v. Hig-gins, 109 Ill. 602.

This relation does not affect the creditors of the firm who have no notice of it, but as to creditors having knowledge of the agreement, the retiring partner is a surety only, and if the firm creditors, with full knowledge of the agreement between the partners, extend the time of payment to the partner continuing the business, the retiring partner will be discharged from liability. 24 Am. & Eng. Ency. of Law, 721, and cases cited.

Horner, the representative of appellees, was informed by Drake that the firm was dissolved, and that he had agreed with appellant to pay the firm debts. This charged appel-

lees with notice that appellant was only a surety. Afterward appellees extended the time of payment and accepted from Drake his notes, in which was included, in addition to the open account of the old firm and some indebtedness of Drake himself, the amount then due on the firm notes, with interest to that date. Upon these new notes Drake agreed to pay interest to a fixed date. This amounted to an extension of time, and operated to release appellant, who stood in the position of surety upon the indebtedness to appellee.

It is insisted, however, by appellee, that as appellant filed no special plea of release by reason of such extension of time, he can not take advantage of that defense in this suit. This position is not well taken, as there can be no question but the defense of an extension of time to the principal debtor is admissible on behalf of the surety under the general issue, though usually it is specially pleaded. Warner v. Crane, 20 Ill. 148; Warner v. Campbell, 26 Ill. 282; 1 Chitty Pl. 478.

For the reasons above stated, the judgment of the court below will be reversed; but as in our opinion appellant can not be held for the debt upon the merits of the case, the cause will not be remanded for another trial. Reversed.