# GEORGE F. HARDING

*v.*

# CHARLES HAWKINS *et al.*

*Filed at Ottawa May 12, 1892.*

1. COLLATERAL SECURITY—*accommodation paper reduced to judgment —payment of principal debt discharges the judgment.* A creditor holding an accommodation note of a third person, properly indorsed to him by his debtor, as collateral security for the payment of his debt, after maturity, may reduce such collateral to judgment, and then the judgment will take the place of the collateral, and stand as security, merely, for the payment of the residue of the principal debt, and on payment of that by the principal debtor such judgment will be satisfied, and no action can thereafter be maintained upon it.

2. SAME—*relation once shown — presumed to continue.* Where notes are shown to have come into the hands of a party as collateral security for other notes, it will be presumed that his subsequent holding of them is in the same capacity, and on the production of the principal notes by the maker the presumption of their payment will prevail, in the absence of other evidence.

3. CHANCERY — *enjoining the collection of a judgment at law — when relief will be granted.* A judgment at law may be enjoined when the defense is purely an equitable one, and not available in an action at law. If the matter relied on by the complainant could not have been received as a defense in the action at law, equity may relieve, notwithstanding an ineffectual attempt to defend at law.

4. A party will also be excused from interposing a legal defense under certain circumstances, as, when he is ignorant of such defense at the time of the trial of the common law action, in which the judgment was rendered. Equity will grant relief against a judgment at law when it is shown that there was a good and valid defense to the action on the merits, of which the defendant was ignorant at the time of the trial, and which he could not have discovered, by reasonable and proper diligence, in time to set it up at law.

5. But it is an important corollary to the above rule, or, indeed, an integral part of the rule, that mere ignorance of the defense is not sufficient. It must be shown that the party was guilty of no negligence, and that he could not possibly have learned of the defense by the exercise of careful and reasonable diligence. It must appear that his ignorance was not due to any lack of diligence on his part, or that it was caused by the act of the opposite party. It is not enough that his

case is meritorious, but he must also have acted in good faith and with proper diligence. This rule applies to sureties, the same as to other parties.

6. SAME—*no jurisdiction to enjoin collection of judgment where defense at law was neglected.* After the rendition of judgment upon an accommodation note, which was pledged to the plaintiff as collateral security, the principal debt secured by the collateral was paid. The defendants in the judgment took no steps, after such payment, to have an entry of satisfaction of the judgment made, and when sued on such judgment made no motion whereby to have satisfaction entered on the record, and failed to plead the payment or satisfaction of the judgment, and it appeared that nothing was done by the plaintiff in the judgment to prevent the defendants from making a proper legal defense. There being no plea filed other than *nul tiel record,* the plaintiff recovered judgment upon the record of the former suit : *Held,* that a court of equity had no jurisdiction to enjoin the collection of the judgment, for the reason that the defendants had an ample remedy at law, which they neglected to make in proper form.

7. The general rule is, that if a party had a defense at law he can not be relieved from a judgment at law by application to a court of equity. When the party neglects to make a defense at law which is known to him, or might have been known by the exercise of proper diligence, the judgment will not be enjoined, or the party relieved, in equity, from the result of his own want of proper care and diligence, unless he was prevented from discovering and availing himself of such defense by the fraud of the opposite party, or by other cause beyond his control.

8. SAME—*answer under oath—allegations not responsive to the bill must be proved.* Where answer is required to be under oath, an allegation in the answer not responsive to the bill, to avail as a defense, must be proved.

9. JUDGMENT—*entry of satisfaction after payment—how enforced.* It seems that at the common law, prior to the Statute of 4 Anne, chap. 16, sec. 12, payment after the day could not be pleaded to an action for money due by deed or other specialty. The remedy at common law, to procure the entry of satisfaction of a judgment on payment, was by *audita querela,* or the defendant might have a warrant directed to some attorney of the court, authorizing him to enter up satisfaction on the roll.

10. In this State, when a judgment is in fact paid, the court, on motion, may stay further proceedings and compel the entry of satisfaction of record. In cases arising on motion, it would seem that the same mode of trial ought to prevail as at common law in the proceeding by writ of *audita querela.* An issue is made up and sent to the jury to be tried as any other issue of fact.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. WILLIAM J. AMMEN, for the appellant:

A party seeking relief against a judgment must have exhausted all his resources at law, for equity will not grant relief when there is an adequate remedy at law. 1 Black on Judgments, sec. 361; *Wilkinson* v. *Rewey,* 59 Wis. 554; *Crandall* v. *Bacon,* 20 id. 639; *Biburd* v. *Kuntz,* 20 Cal. 109; *Hart* v. *Lazarus,* 46 Ga. 396.

As to matters in which there is a remedy by motion, equity will not interfere. Black on Judgments, sec. 362; *Imlay* v. *Carpenter,* 14 Cal. 173; *Logan* v. *Hilligan,* 16 id. 201; *Morrison* v. *Speen,* 10 Gratt. 228; *Hintrager* v. *Sumbayo,* 54 Iowa, 604.

The best cases hold that equity will refuse to act by injunction when the grounds alleged have already been considered and held insufficient on a motion at law. In such case the whole matter is *res judicata,* and equity will not re-open it. 1 Black on Judgments, sec. 362; *Matson* v. *Field,* 10 Mo. 100; *Davis* v. *Boss,* 4 Ind. 313; *Critchfield* v. *Porter,* 3 Ohio, 518; *Collins* v. *Butler,* 10 Cal. 223; *Gray* v. *Bartor,* 62 Mich. 186; *Dulhoff* v. *Keenan,* 66 Wis. 679.

There must be not only a meritorious defense, but it must also be shown that the party has used due diligence, and exhausted every means of defending the case or obtaining redress at law. *Wells* v. *Wall,* 1 Eng. 295; *Nevins* v. *McKee,* 61 Lex. 412; Black on Judgments, 364, 366.

As to the rule in this State relating to equitable relief against judgments at law, see *Blanchard* v. *Williamson,* 70 Ill. 647; *Fuller* v. *Little,* 69 id. 229; *Kern* v. *Strausberger,* 71 id. 413; *Mellendy* v. *Austin,* 69 id. 15; *Warren* v. *Cook,* 116 id. 199; *Tone* v. *Wilson,* 81 id. 529; *Winchester* v. *Grosvenor,* 48 id. 517; *Palmer* v. *Bethard,* 66 id. 529; *Smith* v. *Allen,*

63 id. 474; *Holmes* v. *Stateler,* 57 id. 209; *Scott* v. *Whitlom,* 20 id. 311; *Hinrichsen* v. *Van Winkle,* 27 id. 334; *Buntain* v. *Blackburn,* 27 id. 406; *Parker* v. *Singer Manf. Co.* 9 Ill. App. 383; *Higgins* v. *Bullock,* 73 Ill. 205; *Town of Lyons* v. *Cooledge,* 89 id. 529; *Clark* v. *Ewing,* 93 id. 572; *Burns* v. *People,* 126 id. 284; *O'Neil* v. *O'Neil,* 122 id. 363; *Petefish* v. *Watkins,* 124 id. 387; *Isaacs* v. *People,* 118 id. 539; *Welker* v. *Hinze,* 16 Ill. App. 328; High on Injunctions, secs. 113, 114, 116, 117, 126, 132, 162, 165-171, 178, 180, 190, 194, 210, 216, 217, 222, 265; Pomeroy's Eq. Jur. sec. 1361, and note.

That the plea of payment is a good plea in an action on a judgment, see *Bank* v. *Downer,* 29 Vt. 332; Black on Judgments, 975; *Tarbell* v. *Downer,* 29 Vt. 339; *Linten* v. *Hurley,* 114 Mass. 76; *Reynolds* v. *Lyon,* 20 Ga. 225; *Wilson* v. *Hatfield,* 121 Mass. 551.

The payment or satisfaction of a judgment must be specially pleaded. It can not be proved under the plea of *nul tiel record.* *Riley* v. *Riley,* 20 N. J. L. 114; *Tunstall* v. *Robinson,* 1 Hemp. 229.

As to the plea of payment of a judgment, see *Crawford* v. *Simonton,* 7 Port. 110; *Marsh* v. *Mandeville,* 28 Miss. 112; *Sewell* v. *Sparrow,* 16 Mass. 24; *Spencer* v. *Vigneaux,* 20 Cal. 442; *Burton* v. *Stewart,* 11 Ind. 238; *Gulic* v. *Loder,* 13 N. J. L. (1 Green,) 68; *Stevens* v. *Briggs,* 14 Vt. 44; *Pratt* v. *Jones,* 22 id. 341; *Kinsman* v. *Page,* 22 id. 628; *Draper* v. *Gorman,* 8 Leigh, 628; *Brown* v. *Joy,* 9 Johns. 221; *Shouse* v. *Newton,* 12 Ark. 367; *Phillips* v. *East,* 16 Ind. 254.

As to the satisfaction of judgment and the mode of procedure, see *Dibble* v. *Briggs,* 28 Ill. 48; *Faulkner* v. *Chandler,* 11 Ala. 725; *Bruce* v. *Bamer,* 20 id. 219; *Whiting* v. *Beebe,* 12 Ark. 421; *State* v. *Martin,* 20 id. 629; *Railroad Co.* v. *Blair,* 28 N. J. L. 139; *Briggs* v. *Thompson,* 20 Johns. 294; *Hawkinson* v. *Hammer,* 12 N. J. L. 64.

Matters which may be corrected by motion or by appeal will not furnish ground for relief in equity. *Ede* v. *Hazen,* 61

Cal. 360; *Wilkinson* v. *Rewey,* 59 Wis. 554; *Walker* v. *Gurley,* 83 N. C. 429; *Earl* v. *Matheney,* 60 Ind. 302.

If remedy can be had by motion at law, equity will refuse injunction. *Hamer* v. *Kane,* 7 Nev. 61; *Leonard* v. *Collier,* 53 Ga. 487; *Chambers* v. *Henland,* 78 N. C. 53; *Walker* v. *Gurley,* 83 id. 429.

Any complete defense at law bars relief in equity. *Womack* v. *Powers,* 50 Ala. 5.

Adjudicature on motion is a bar to relief in equity. (*Reeves* v. *Plough,* 46 Ind. 350.) So is a remedy by *certiorari.* *Jordan* v. *Corley,* 42 Tex. 284.

Failure to plead discharge in bankruptcy in a suit at law bars relief in equity. *Gallaher* v. *Mitchell,* 26 La. Ann. 41; *Miller* v. *Clements,* 54 Tex. 351.

Mere allegations of ignorance and diligence are not enough. The bill should show what was done and what diligence was used. *Levan* v. *Pattan,* 2 Heisk. 108; *Simmons* v. *Martin,* 53 Ga. 620; *Carolus* v. *Koch,* 72 Mo. 645; *Noble* v. *Butler,* 25 Kan. 645.

If any defense existed which might have been set up at law, equity will refuse relief. *Skinner* v. *Deming,* 54 Am. Dec. 463; *Casey* v. *Gregory,* 56 id. 581; *Pollock* v. *Gilbert,* 60 id. 732; *Bellamy* v. *Woodron,* 48 id. 221; *Methodist Protestant Church* v. *Mayor,* 48 id. 540; *Doyle* v. *Reilly,* 85 id. 582; *Dickerson* v. *Commissioners,* 92 id. 190; *Collins* v. *Jones,* 29 id. 216.

As to nature of *audita querela,* and proceedings thereunder, and as holding that all relief formerly obtainable that way will now be granted on motion, see 2 U. S. Digest, (1st series,) 396-402.

Among the cases holding that the relief will be granted on motion, are *Baker* v. *Judges of Ulster,* 4 Johns. 191; *Huston* v. *Ditto,* 20 Md. 305; *Davis* v. *Sturtevant,* 4 Duer, 148; *McDonald* v. *Falvey,* 18 Wis. 591; *Chambers* v. *Neal,* 13 B. Mon. 256.

A release, statute of limitations or payment may be pleaded to an action on a judgment, but not *nil debet.* 2 Dall. 300;

7 Cranch. 481; 2 Wheat. 234; 13 Pet. 324; *Jacquette* v. *Hugunon,* 2 McLean, 129.

When a judgment has been paid the court may quash the execution and enter satisfaction of record. *United States* v. *McLeMore,* 4 How. 286.

As to relief on motion, see *McHenry* v. *Watkins,* 12 Ill. 232; *Morris* v. *Thomas,* 17 id. 112; *Russell* v. *Hugunin,* 1 Scam. 563; *Robinson* v. *Chesseldine,* 4 id. 332; *Day* v. *Graham,* 1 Gilm. 435.

Mr. D. BLACKMAN, for the appellee:

The court of chancery has jurisdiction over trustees for the prevention of abuses of the trust. A pledgee of collaterals is a trustee. His character is that of trustee for the pledgor. (*Telegraph Co.* v. *Rigdon,* 93 Ill. 458.) He may return an accommodation note to the maker.

An attempt to collect money to pay a debt already paid is a fraud, and so is an attempt to collect an unjust claim. In the following cases the attempt failed in this State: *Higgins* v. *Curtiss,* 82 Ill. 28; *Weaver* v. *Poyer,* 79 id. 417; *Wilday* v. *McConnel,* 63 id. 278; *McGehee* v. *Gold,* 68 id. 215; *Hupp* v. *McInturf,* 4 Bradw. 451; *Gregg* v. *Brower,* 67 Ill. 526; *Vennum* v. *Davis,* 35 id. 568.

Chancery is not barred by a remedy at law unless it is a complete remedy. *McDaniel* v. *Fox,* 77 Ill. 343.

Chancery will exercise its jurisdiction where a party has a remedy at law, in all cases of trusts and fraud, (*Robinson* v. *Chesseldine,* 4 Scam. 332,) or if it is not full and complete. *Morris* v. *Thomas,* 17 Ill. 114.

The judgment stands in place of the note. *Jones* v. *Hawkins,* 17 Ind. 550.

The fact that the note was taken, as soon as drawn was notice that Whipple paid no consideration. *Hayes* v. *Ward,* 4 Johns. Ch. 123.

37—141 ILL.

An abortive attempt to appeal from a fraudulent judgment will not deprive him of relief in a court of equity. *Nelson* v. *Rockwell,* 14 Ill. 375.

The facts set up in the bill for relief were not available to the complainants, because the evidence was not within their knowledge and had been lost, so that on inquiry were not found; because it, if found, could not have been used on the trial of the issue, and because equitable.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed by Charles and Frederick Hawkins, in the Cook circuit court, against George F. Harding and R. M. Whipple, to enjoin the collection of a judgment recovered by Harding in the Superior Court of that county, December 20, 1888, against the complainants, on a prior judgment in favor of Harding and against them, recovered in the Superior Court of Chicago, in May, 1867, for $3530.31. The bill was taken as confessed as to Whipple. Harding answered under oath, the oath not being waived, and the cause was heard on the bill, answer, replication, exhibits, and the testimony of the parties and witnesses taken in open court. The circuit court dismissed the bill for want of equity. Complainants appealed from this decree to the Appellate Court, where the decree of the trial court was reversed.

A brief statement of the facts is necessary to an understanding of the points determined. On December 19, 1866, Whipple gave to Harding five promissory notes, aggregating $32,150.47, two of which were signed "R. M. Whipple & Co.," and the others "R. M. Whipple." At the time of their execution, Whipple delivered to Harding divers notes and obligations as collateral security for the payment of said notes, among which was the note of Charles and Frederick Hawkins, upon which judgment was obtained by Harding, as before mentioned, in 1867. The note was for $3500, payable to

Whipple three months after date, and by Whipple assigned to Harding as collateral to said five principal notes. As between the Hawkins and Whipple it was accommodation paper. There is, however, no evidence charging Harding with notice thereof. Whipple gave to Harding a power of attorney, authorizing him to sell so much of these collaterals as might be necessary to pay the principal debt, and Harding agreed, in writing, to return the residue to Whipple. As we understand the record it is not claimed that more than $15,000 of the principal debt had been paid at the time Harding recovered judgment against Hawkins on said collateral note. Harding then had the right to reduce the collateral to judgment, and a defense by the makers, so far as appears, would have been wholly unavailing. The judgment took the place of the notes, and stood as security, merely, for the payment of the residue of the principal debt. On the 6th of April, 1887, Harding brought an action of debt in the Superior Court of Cook county, founded upon this judgment rendered against the Hawkins upon said note. Appellees interposed the plea of *nul tiel record,* only. The issue was found in favor of Harding, and judgment entered against appellees for $8200.

This bill is filed upon the theory that before the entry of the last judgment the five promissory notes given to Harding by Whipple had been fully paid and discharged by Whipple. It is conceded that if Harding had received full payment from Whipple the Hawkins note would be released from pledge as collateral, and, under the contract between Harding and Whipple, should be returned to Whipple by Harding, unless he had acquired a right to retain the benefit of the judgment in some other way. Upon the return of the note to Whipple, it being accommodation paper, as before stated, it would cease to be binding upon the Hawkins. It is conceded that the note in controversy originally came into the hands of Harding as collateral, merely, to said principal debt. Harding, in his original answer, sets up that after the delivery and maturity of

the said $3500 note, by virtue of the transaction with Whipple, he became the absolute and sole owner of said note; and by his amended answer, "that shortly after the said collateral was deposited with him by said Whipple, and before said notes upon which it was deposited as collateral became due, he bought the note of said complainants described in said bill, of said Whipple, and paid in cash or its equivalent, to the said Whipple, the value thereof at par, in full." Both the original and amended answers deny notice, when purchasing of Whipple, of any defense to said collateral note. These allegations of the answer are not responsive to the bill, and to be of avail as a defense to complainants' right of recovery, must be proved. 1 Daniell's Ch. 844, and note.

On the hearing the five principal notes mentioned were produced by Whipple, who testified that Harding had surrendered the notes to him in May, 1873. Harding testifies, that according to his recollection they were surrendered in July, 1869; but under what circumstances, why they were surrended, and what took place, the testimony of Whipple and Harding, who alone have knowledge upon the subject, is wholly irreconcilable. Their interests in the result are equal. If Harding recovers, Whipple will be liable over to the Hawkins. Whipple testifies that the notes were paid. Harding insists that in some way,—how, he is not definite or certain,—there was a mere change in the form of the indebtedness. The notes having originally come to the hands of Harding as collateral, merely, the presumption would be that he still held them in that capacity. (1 Greenleaf on Evidence, sec. 41.) The principal notes being produced by Whipple from his possession, the presumption was that they were paid. (*Walker* v. *Douglas,* 70 Ill. 445; *Sutphen* v. *Cushman,* 35 id. 186.) The burden being upon Harding to establish his ownership of the Hawkins note, it is apparent he must fail, if his evidence and that of Whipple are to be regarded as of equal credit, unless other evidence can be found to overcome the presumptions

arising from the possession of the original notes by Whipple, and the original possession of the note as collateral by Harding. There are in this record some circumstances tending to corroborate Harding. If the original notes were paid in 1869, at the time Harding says they were surrendered, or in 1873, when Whipple says they were paid, it is at least strange that neither Whipple nor appellees procured an assignment or satisfaction of the judgment then standing of record against appellees. The note upon which it was rendered having been accommodation paper, it was the duty of Whipple to have had satisfaction entered.

But it is unnecessary to determine the case on the merits. The real question presented is, whether, conceding the complainants' case, they have a standing in a court of equity. The general rule is, that if the complainants had a defense at law they can not be relieved from the judgment entered in the common law suit by application to a court of equity. Where a party neglects to make a defense at law which is known to him or might have been known by the exercise of proper diligence, the judgment will not be enjoined, or the party relieved in equity from the result of his own want of proper care and diligence, unless he was prevented from discovering and availing himself of such defense by the fraud of the opposite party or by other cause beyond his control. 1 Black on Judgments, sec. 387; *More* v. *Bagley,* Breese, 94; *Beaugenon* v. *Turcotte et al.* id. 167; *Palmer* v. *Bethard et al.* 66 Ill. 527; *Ames* v. *Snider,* 55 id. 498; *Winchester* v. *Grosvenor,* 48 id. 517; *Galena and Southern Wisconsin Railroad Co.* v. *Ennor,* 116 id. 55; *Warren* v. *Cook,* 116 id. 199; *Tone* v. *Wilson,* 81 id. 529.

It is here insisted that complainants' case is taken out of the rule, first, because they were ignorant of the defense to the entry of the judgment in favor of Harding; and second, that the plea of payment could not be interposed in the action of debt upon the former judgment, and therefore the defense was unavailing at law.

A judgment at law may be enjoined when the defense is an equitable one, and not available in an action at law. If the matter relied upon by the complainants could not have been received as a defense in the action at law, equity may relieve, notwithstanding an ineffectual attempt to defend at law. (1 Black on Judgments, 388; *Vennum* v. *Davis*, 35 Ill. 568; *Grim* v. *Handley*, 94 U. S. 652.) A party will also be excused from failing to interpose a legal defense under certain circumstances, where he is ignorant of such defense at the time of the trial of the common law action in which the judgment was rendered. It is said: "It may be regarded as well settled, upon the authorities, that equity will grant relief against a judgment at law when it is shown that there is a good and valid defense to the action on the merits, of which the defendant was ignorant at the time of the trial, and which he could not have discovered, by the exercise of reasonable and proper diligence, in time to set it up at law. But it is an important corollary to the above rule, or, indeed, an integral part of the rule, that mere ignorance of the defense is not sufficient. It must be shown that the party is guilty of no negligence, and that he could not possibly have ascertained it by the exercise of careful and reasonable diligence. It must appear that the defendant's ignorance was not due to any lack of diligence on his part, or that it was caused by the act of the opposite party." It is not enough to call into activity the court of conscience that the complainant's case should be meritorious, but he must have acted in good faith and with proper diligence. It can make no difference that appellants occupied, in effect, the position of sureties originally, for, although, if Harding had had notice that their note was accommodation paper, they would still be required to make their defense at law, if available, and upon neglect to do so could not afterwards be relieved in a court of equity. *Ramsey* v. *Perley*, 34 Ill. 504; *Mellendy* v. *Austin*, 69 id. 15.

It seems that at common law, prior to the statute of 4th Anne, (chap. 16, sec. 12,) payment after the day could not be pleaded to an action for money due by deed or other specialty. (2 Saunders, 48 a, note h; 2 Black on Judgments, sec. 975.) By the statute referred to, not in force in this State, it is provided, among other things, that if the defendant had paid the judgment he might plead payment in bar of the action upon the judgment. It would seem that we have no equivalent legislation in this State. The remedy at common law would have been *audita querela*, (Com. Dig. title A; Bacon's Abr. title Audita Querela; 3 Blackstone's Com. 406,) or the defendant had a right to demand a warrant to some attorney of the court, authorizing him to enter up satisfaction on the roll. (*Bryley* v. *Sugg*, 1 Dev. & B. 366; 1 Archbold's Pr. 325; 2 Saund. Pr. Cas. 713.) In most of the States the use of the writ *audita querela* has been superseded by the more summary mode of application to the court for relief by motion. (Am. and Eng. Ency. of Law, 1008.) It also seems to have fallen into disuse in England, although perhaps revived within a later date. (3 Blackstone's Com. 406; *Sutton* v. *Bishop*, 4 Burr. 2286.) We are not aware that the writ has been resorted to in this State, the more convenient and less expensive mode of proceeding by motion having been adopted in its stead. (*People ex rel.* v. *Barnett*, 91 Ill. 422.) It is unnecessary to determine now whether the writ can be used with propriety under our practice. Nor do we intend to be understood as holding that where the judgment has been paid in full the plea of payment may not be interposed as a bar to an action on such judgment. It is stated by Black on Judgments, sec. 975: "There can be no question that such a plea would now be good in all the courts of this country." (4 Wait's Actions and Defenses, 494, and cases cited by the author.) We do not, however, find it necessary in this case to determine that question. It can not, however, be questioned, that if the plea of payment was not good under our practice, appellees had their remedy by the

writ of *audita querela,* if it is not to be regarded as obsolete, or by motion in the same court to have the judgment of 1867 satisfied, at any time before it was merged in the later judgment. Both of these remedies were, as we have seen, provided by the common law. In this State, where a judgment is in fact paid, the court, on motion, may stay further proceedings and compel the entry of satisfaction of record. *Russell* v. *Hogan,* 1 Scam. 552; *Hoag* v. *Starr,* 69 Ill. 365; *Neal* v. *Hanley,* 116 id. 423; Black on Judgments, 1014. The same rule has been adopted elsewhere. 1 Bos. & Pul. 428; *Smock* v. *Day,* 5 Rand. (Va.) 638; *Job* v. *Walker,* 3 Md. 129; *Dunlap* v. *Clemence,* 18 Ala. 778; *Chambers* v. *Neal,* 13 B. Mon. 256; *Marsh* v. *Haywood,* 6 Humph. 210; *McClellan* v. *Baker,* 20 Kan. 50; *Stafford* v. *Janesville,* 15 Wis. 475; *McDonald* v. *Falvey,* 18 id. 571.

In cases arising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela,* and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact. (*Lister* v. *Mundel,* 1 Bos. & Pul. 437; *Homer et al.* v. *Homer,* 38 Pa. St. 126; *Cooley* v. *Gregory,* 16 Wis. 303; *Baker* v. *Ridgeway,* 2 Bing. 41; 9 E. Cl. 311; Black on Judgments, *supra.*) The parties are thereby given their right of trial by jury. If, therefore, it be conceded the plea of payment could not be interposed, it is apparent that appellees, if the theory of their bill be true and the judgment was in fact in any way satisfied, had an adequate remedy at law at any time after satisfaction was made. The latest period at which any one places the satisfaction, is that given by Whipple as May, 1873, so that from 1873 until the entry of the judgment, in 1888, the right to require satisfaction of the former judgment at law clearly existed. It is not shown or pretended that appellees were prevented from seeking redress or relief from the judgment by any act of appellant or by any one acting for or on his

behalf. · They having been served with process in the original
action must have known of the rendition of the judgment,
which remained unsatisfied of record. After the bringing of
the last action by Harding they might still have proceeded to
obtain satisfaction of the judgment upon which that action
was predicated. Both actions were brought in the same court,
and the court, in the exercise of its sound discretion, would
undoubtedly have postponed the action of debt until the de-
termination of the motion for the entry of satisfaction, upon
proper application being made therefor.

It is insisted that appellees were ignorant of the fact that
payment of the principal notes had been made, at the time
of the rendition of the second judgment. This may be con-
ceded without at all affecting the result. No sufficient reason
is shown why they did not ascertain the fact, if fact it was.
It is apparent from the whole record that Whipple, whom they
now produce to testify to such payment, not only had knowl-
edge thereof during all the years mentioned, but that the ex-
ercise of the slightest diligence on the part of appellees would
have apprised them of the same fact. There is no proof of ·
anything tending to raise a presumption that Whipple was in
any way hostile to them or would have declined giving the
information upon simple inquiry. It is true that when Whip-
ple testified on the hearing of this cause, practically twenty
years after the transactions in controversy, he was unable to
give the detail of what was done, or the precise terms of the
satisfaction, without reference to papers and documents in
his control, which apparently were for a time mislaid; but
the fact that the principal debt had been paid, and thereby the
judgment upon the collateral note discharged, was susceptible
of proof, in any event, as early as 1873, and continuously
thereafter.

We are of opinion that appellees, upon the theory of their ·
bill, and conceding it to be true, had a complete defense at
law, and that they have not shown such a state of facts as

will, under the rules governing this and other courts in like cases, excuse them from not interposing the same in the common law courts. There is a failure to show that diligence and good faith necessary to authorize the interposition of a court of equity in their behalf. The judgment of the Appellate Court is therefore reversed, and the decree of the circuit court dismissing the bill is affirmed.

*Judgment reversed.*