## John Reid v. Thomas O'Brien.

1.  COUNTY COURTS—*Power to Enter Satisfaction of Judgments.*— The County Court, having entered a judgment, has power upon a motion properly sustained by affidavits tending to show payment of such judgment, to enter satisfaction thereof of record.

2. COURTS—*Power Over Judgments.*—Where a judgment is in fact paid, the court, on motion, may stay further proceedings, and compel the entry of satisfaction of record.

3. AUDITA QUERELA—*Original Purpose of the Writ.*—The original purpose of the writ, *audita querela,* was to relieve a party from the wrongful acts of his adversary and permit him to show any matter of discharge which may have occurred since the rendition of the judgment.

4. SAME—*Nature of the Writ.*—The writ of *audita querela* was a regular suit with its usual incidents, pleadings, issues of law and fact, trial, judgment and error.

**Motion to Enter Satisfaction.**—Appeal from the County Court of Cook County; the Hon. R. W. S. WHEATLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 19, 1899.

DEFREES, BRACE & RITTER, attorneys for appellant.

At common law the writ of *audita querela* was used for the purpose of showing matter in discharge, which occurred after the rendition of the judgment, and wherever that writ would lie at common law, relief may now be obtained on motion. Freeman on Judgments, Sec. 95; Black on Judgments, Sec. 299.

Where a judgment has been paid, the defendant is entitled to have an entry of satisfaction by motion in the nature of a writ of *audita querela,* and that, failing to avail himself of this remedy, he is barred from having relief in a court of equity. Harding v. Hawkins, 141 Ill. 572.

PINNEY & ORR, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The only question presented by this record is whether the County Court, having entered a judgment, has power, upon a motion properly sustained by affidavits tending to show payment of such judgment, to enter satisfaction thereof of record.

It appears that appellee recovered judgment in the County Court against appellant. Subsequently the latter appeared and upon proper notice to appellee, moved the court to sat-

isfy such judgment of record; and in support of such motion filed his affidavit, showing *inter alia* that after the judgment in question had been entered against him, he was served as garnishee in an attachment suit of a third party against appellee; that he appeared in said suit, answered that he was indebted to appellee in the amount of such judgment, and that thereupon such proceedings were had that judgment was rendered against him as garnishee of said appellee for the full amount of the judgment which appellee had recovered in the County Court; that he has paid said judgment so rendered against him as garnishee, and that he had no notice of any assignment of the judgment against him in the County Court at the time of such payment. Appellant also offered in support of his said motion for satisfaction of record of such judgment in the County Court, the transcript of proceedings and judgment in the attachment case. The County Court overruled the motion, holding as a matter of law that it had no power to entertain the same, and that appellant's remedy, if any, must be obtained by bill in equity.

We know of no reason, upon principle, why the court can not, upon motion, grant the relief sought, and satisfy its own judgment of record, when convinced by satisfactory evidence that it has been in fact paid. In Russell v. Hugunin, 1 Scammon, 561, a motion was made by a judgment debtor to set aside an alias execution and a sale made thereunder, and to compel the plaintiff in the original action to enter satisfaction of record on the ground that the judgment had been fully paid and satisfied. Evidence was taken which established payment of the full amount of the judgment before the issue of the alias writ of *fieri facias*. It was held that the trial court ought to have set aside the writ, the sale and all proceedings thereunder, and that satisfaction of record should be entered, and the judgment of the trial court overruling the motion and dismissing the same was reversed.

In Harding v. Hawkins, 141 Ill. 572–584, it is said :

" In this State, where a judgment is in fact paid, the

court, on motion, may stay further proceedings and compel the entry of satisfaction of record."

It is also said in that case that in cases arising upon motion the same mode of trial ought to prevail as at common law under the writ of *audita querela;* that an issue should be made and sent to a jury to be tried as any other issue of fact.

The original purpose of this writ *audita querela* is said to have been relieving a party from the wrongful acts of his adversary and permitting him to show any matter of discharge which may have occurred since the rendition of the judgment; and as a general rule wherever *audita querela* would lie at common law, relief may now be obtained on motion upon notice. Freeman on Judgments, Sec. 95.

"It is a regular suit with its usual incidents, pleadings, issues of law and fact, trial judgment and error." Black on Judgments, Sec. 299.

It is contended that the defense of payment of the judgment could only be availed of in a court of equity, and a sentence in the opinion of the court in Allen v. Watt, 79 Ill. 284, is relied upon to sustain this contention. In that case a judgment had been rendered against appellants, and subsequently there had been a recovery against the judgment debtors as garnishees in an attachment proceeding, and they had paid the judgment so recovered. A writ of *fieri facias* was subsequently issued on the original judgment and the judgment debtors filed a bill for an injunction to restrain the execution of the judgment. It was held that they were entitled to the relief sought. The sentence of the opinion relied upon by appellee's counsel is, "No other remedy could be pursued than by injunction to stay the execution of the judgment." Conceding that this was not *obiter dicta*, as it may doubtless be regarded, we do not regard it as applicable here, where the relief sought is not a stay of execution, but a satisfaction on the record of the judgment claimed to have been paid.

Whether the attachment proceedings against appellee in which appellant was garnisheed, were regular or not, or

whether the judgment has been in fact paid by appellant, are questions which are not before us on this record.

The County Court has power to grant the relief sought by the motion to enter of record satisfaction of the judgment if the same has been paid, and for the error in refusing to entertain said motion, the judgment is reversed and the cause remanded.