Frank Burket et al., Trading as Sawyer and Allen, and
A. B. T. Pigall, Appellees, v. Reliance Bank and
Trust Company et al., Defendants. Frederick C.
Croft, Appellant.

Gen. No. 41,093.

564

Opinion filed October 1, 1940. Rehearing denied October 15, 1940.

W. ROBERT BROWN, of Chicago, for appellant.

EDMUND D. ADCOCK, of Chicago, for certain appellee; JOHN W. DAY, of Chicago, of counsel.

SEYFARTH & ATWOOD and LEONARD & LEONARD, all of Chicago, for certain other appellees; KARL EDWIN SEYFARTH and BENTON ATWOOD, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

By decree entered August 10, 1936, in an action by creditors to enforce the statutory and constitutional liability of Frederick C. Croft and others as stockholders of the insolvent Reliance Bank and Trust Company, the receiver recovered a judgment against Croft for $3,200 and costs of $13.22. On May 10, 1939, Croft filed his petition (thereafter an amended petition) praying that the judgment against him might be satisfied and its further collection enjoined. Plaintiffs and the receiver answered denying petitioner was entitled to relief. The matter was heard on the amended petition and answer, no reply to the answer having been filed and no evidence taken. July 7, 1939, the court found the issues against petitioner and entered an order denying the prayer of his petition. This appeal followed.

Croft has not personally paid anything at all on the judgment entered against him. It draws interest at 5 per cent and there is now due thereon more than

$3,600. He held (as the decree found) 32 shares of stock during the period from March 3, 1921 to July 2, 1924, during which period there accrued unsatisfied liabilities of $36,730.76. In his original petition it was averred that since the entry of the decree the total amount of unsatisfied liabilities had been collected from other stockholders; in fact, that the amounts paid by these other stockholders were substantially in excess of $36,730.76. In reaching this conclusion the petitioner relied upon payments made by other stockholders who held stock partially or entirely within the period from March 3, 1921 to July 2, 1924, the defendant's period of ownership. In computing the payments applicable to petitioner's ownership where stockholders held partly within and partly without the period, the original petition allocated such payments ratably over all the liabilities accruing during the period of ownership of the paying stockholders and took credit for only the portion of the payment attributable to the liabilities accruing during their mutual and co-extensive period of ownership, the material facts being set forth in Tables ''A'' and ''B'' attached to the original petition. However, the computation made by this method disclosed that prior to the entry of the decree on August 10, 1936, the applicable payments made by such other stockholders were $6,021.12 less than the total unsatisfied liabilities of $36,730.76, which accrued during defendant's period of ownership. Only by adding the further sum of $24,426.31 collected on and after the date of the decree would the total applicable collection from stockholders become in excess of the total liability accruals of the bank for that period. It, therefore, appeared on that theory defendant was liable for the amount of the judgment rendered against him with costs at the time it was entered.

After the plaintiffs and receiver answered, petitioner changed his theory and filed the amended peti-

tion. Attached to it were "Tables C and D" showing a list of paying stockholders, the period of the holding of each of them, the date of payment and the amount. Each stockholder listed in "Table C" held his stock exclusively during some portion of the period from April 18, 1917 (the date the bank opened) to June 11, 1928. Defendant held his stock in the bank only during a small part of this period. The total collections from these stockholders when added to other stockholder payments applicable to such period, as set up in "Table D" attached to the amended complaint, disclosed a total payment by such stockholders of $195,983.68, and that the total unsatisfied liabilities of the bank accruing during this period of time, after deducting $51,088.43 of dividends paid from the assets of the bank, amounted to $161,780.04. By this method the payments and collections from other stockholders appeared to be $34,203.64 in excess of the entire and complete liabilities of the bank for the period to which the payments related. It appeared from the answer to the amended petition that $102,-917.78 of this total payment was collected prior to the entry of the decree on August 10, 1936, and the plaintiffs and receiver averred that this sum could not be considered as a payment and satisfaction of the stockholders' liability because a part of it had been distributed to the creditors of the bank as a dividend prior to the entry of the decree and was included in the 20 per cent dividend credit allowed by the final decree against the unsatisfied liability accruals of the bank, and that to now consider payments made prior to the decree in partial satisfaction of the stockholders' liability would constitute a duplicate credit or application of such prior payments in favor of the defendant. It was also urged that the decree was *res judicata* as to all stockholder collections and payments made prior thereto.

In support of his contention that payments of these other stockholders satisfied the decree against him, petitioner cites: *Cohen v. North Ave. State Bank,* 291 Ill. App. 558; *Schwartz v. Broadway Trust & Savings Bank,* 291 Ill. App. 460; *Flanagan v. Madison Square State Bank,* 292 Ill. App. 448 and *Burket v. Reliance & Savings Bank,* 296 Ill. App. 406. These cases all follow the rule announced by the Supreme Court in *Burket v. Reliance Bank & Trust Co.,* 366 Ill. 98. In every one of these cases the court had before it the question of a defense interposed to a suit by creditors to enforce the liability of one or more of a group of stockholders and the defense was allowed to the extent that other contemporaneous stockholders had actually paid liabilities which had accrued. Petitioner does not aver the paying stockholders were contemporaneous with him. The tables show they were not. No one of these cases in any way involved the question of the satisfaction of a judgment rendered against an individual stockholder for his personal liability.

When the liability of a stockholder has been reduced to judgment the liability is merged therein and becomes a new obligation of record which differs in kind, nature and essence from the original obligation. The claim loses its character of group obligation. The group obligation ceases and becomes a mere personal obligation. *Wayman v. Cochrane,* 35 Ill. 151; *Frost v. Thompson,* 219 Mass. 360, 106 N. E. 1009; *Milwaukee County v. White Co.,* 296 U. S. 268, 80 L. Ed. 220. A court has no power to satisfy a decree for matters which existed at the time the decree was entered. *McDonald v. Holdom,* 208 Ill. 128-135; *Harding v. Hawkins,* 141 Ill. 572–581. Payments made by the debtor subsequent to the decree may be shown in satisfaction thereof by a motion similar to the writ of *audita querela. People v. Wilmot,* 254 Ill. 554–558; *Reid v. O'Brien,* 86 Ill. App. 128; *Handley v. Moburg,*

266 Ill. App. 356–361; *Silberman v. Becklenberg,* 279 Ill. App. 250–256. The prayer of defendant's petition is precluded by the doctrine of *res judicata. Lee v. Hansberry,* 372 Ill. 369. Moreover, if the facts averred in the amended petition stood admitted, which they do not, it would be necessary to affirm the order. The petition does not allege nor on the record are facts disclosed showing the payments for which credits are claimed were made by contemporaneous stockholders.

The rule upon which defendant relies when presented as a defense is applicable only to payments made by such stockholders. The rule is also limited in its application to cases in which it is presented as a defense prior to judgment and decree. We do not think it should be extended to cases in which application is made for the satisfaction of judgments. The record discloses many of the payments claimed were made pursuant to settlements. In such case the unquestioned rule is that the creditor has a right to apply the payment. If payments of contemporaneous stockholders could, after the rendition of a judgment against an individual stockholder, be used by him as a basis for the satisfaction of the judgment any final adjudication of equities in this class of cases would become impossible, and the collection of judgments most difficult. The order will be affirmed.

*Order affirmed.*

McSurely, J., concurs.

Mr. Presiding Justice O'Connor specially concurring: I agree the order should be affirmed on the ground that the payments made were not by contemporaneous stockholders.