**Shelby SHANKLIN, Jr., et al., Appellants,**

**v.**

**Jane W. TOWNSEND et al., Appellees.**

Court of Appeals of Kentucky.

June 4, 1971.

Alvin B. Trigg, Wallace, Turner & Trigg, Joe C. Savage, Turley, Tackett, Savage & Moore, Lexington, for appellants.

Joseph L. Arnold, Nolan Carter, Jr., Allen, Duncan & Arnold, Lexington, for appellees.

DAVIS, Commissioner.

The issue on appeal is an aftermath of the litigation which has appeared here on two other occasions. See Shanklin v. Townsend, Ky., 431 S.W.2d 874, and Shanklin v. Townsend, Ky., 434 S.W.2d 655.

Due to changes in the mandates issued by this court, there were three separate judgments entered in the Fayette Circuit Court, all in compliance with this court's orders. The first judgment was entered October 1, 1968, pursuant to the original mandate, and provided recovery by the plaintiffs (appellants) of $31,310 plus annual 6% interest from October 29, 1964, until paid. That judgment was modified on November 6, 1968, pursuant to this court's order, so that interest was allowed only from the date of the new judgment. Finally, on December 20, 1968, the third judgment was entered, restoring the terms of the one entered October 1, 1968. The basis of the recovery was a real estate agent's commission found to be due the appellants for securing a contract for the real estate owned by the appellees.

On November 8, 1968, the defendants moved the circuit court for an order of satisfaction of judgment, pursuant to CR 79.02(2). The basis for the motion was stated in the alternative. It was averred that Lucy T. Reeves, one of the defendants, was employed as a sales agent by plaintiffs, Shanklin and Clark, and that pursuant to her contract of employment she was entitled to a sum equal to 10% of the commission received on sale of property for which she obtained the listing; and for all property which was sold by or through her, she was entitled to 50% of the commission. It was stated in the motion that Lucy T. Reeves was entitled to a credit on the judgment of at least $3,131 on this account. Payment was tendered into court of a sum sufficient to fully pay the balance due on the judgment, less $3,131.

Over the protest of the plaintiffs, the trial court ruled that the claimed credit was allowable and directed that an order of satisfaction of judgment be made.

The trial judge pointed out that Shelby Shanklin, one of the plaintiffs, had testified that Mrs. Reeves was entitled to 10% of the commission as listing agent. This was considered a "judicial admission," and a valid basis for permitting the allowance of the credit. Although the plaintiffs urged that the claimed credit was barred because it had never been asserted by Mrs. Reeves in any pleading, the trial judge (the late Honorable Nolan Carter, who prepared the opinion but died before its entry) reasoned in part:

"Without deciding whether CR 13.01 [compulsory counterclaim] does preclude defendant from now asserting by way of counterclaim that she is entitled to ten percent of the commission, in view of the provisions of CR 13.05–13–06 and CR 15.02, suffice it to say that the procedure which this defendant undertakes to follow here is not the assertion of a counterclaim but is a proceeding which is authorized under CR 79.02(2)."

The trial judge referred to 49 C.J.S. Judgments § 579, in support of his conclusion. It is noteworthy that 49 C.J.S. Judgments § 581, pp. 1060–1061, states in part:

"Such action [requiring a judgment creditor to mark a judgment satisfied] can be based only on matter arising subsequent to the judgment, not for causes accruing prior to its rendition or which might have been set up in defense to the action or which were litigated and decided on a previous motion or other proceedings, and, on the other hand, a motion to compel satisfaction may not be resisted on any ground which existed at the time the judgment was rendered, and which might have been urged at the trial."

Cited in support of that statement is Burket v. Reliance Bank & Trust Company,

306 Ill.App. 563, 29 N.E.2d 297, in which it was said:

"A court has no power to satisfy a decree for matters which existed at the time the decree was entered." Id. 29 N.E.2d at page 299.

It seems clear that the claim of Mrs. Reeves should have been pleaded as a counterclaim. It arose out of the transaction or occurrence that was the subject matter of the opposing parties' claim. It was not subject to any of the exceptions prescribed in CR 13.01. It was a claim defined by that rule as a "compulsory counterclaim." Admittedly, there was no pleading by Mrs. Reeves asserting that claim during the trial or before entry of judgment.

CR 15.02 specifically provides in part:

"Such amendment of the pleading as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

This rule has been construed to cover situations in which the trial proceeded as if issues not raised by the pleadings were tried by the express or implied consent of the parties. Bowling Green-Warren County Airport Bd. v. Long, Ky., 364 S.W.2d 167. The rule itself permits amendment (or admits of treating the case as if an amendment were made) even after judgment.

One purpose of the rule is to avoid the prior practice which required specific pleading to support a judgment. The rule permits the court to take cognizance of the issues which were actually tried, with the express or implied consent of the parties, even without a pleading. All of this is to lend support to the judgment actually entered. The rule does not present a method whereby a judgment may be collaterally attacked.

The principle was well stated in United States v. City of Brokhaven, C.C.A. 5th 1943, 134 F.2d 442:

"[Rule 15] looks to supporting the judgment by the amendment, or to making the record show more perfectly what was really tried and decided [and] It does not authorize an amendment to nullify the judgment and begin a new contest."

For example, let it be supposed that Mrs. Reeves had actually timely filed counterclaim asserting her entitlement to 10% of the commission. If the court had entered judgment for the full commission and made no reference to the pleaded counterclaim, such a judgment would have operated to bar the counterclaim, as the allowance of the full commission automatically would have excluded the recovery of a portion of it by counterclaim. Furlow v. Sturgeon, Ky., 436 S.W.2d 485. Such a judgment, unless modified upon appeal, or timely corrected upon a proper showing, would be a final judgment and not subject to collateral attack. No reasonable basis is perceived by which the "as if pleaded" theory of CR 15.02 should raise the claimed credit above the status it would have had if it had been pleaded and denied. To adopt that view would be to make CR 15.02 a vehicle to *attack* the judgment when its real purpose is to afford grounds for *supporting* the judgment.

The judgment is reversed.

MILLIKEN, C. J., and EDWARD P. HILL, NEIKIRK, OSBORNE and STEINFELD, JJ., concur.

PALMORE and REED, JJ., not sitting.