(Nos. 23937, 24053.—

FRANK BURKET *et al.* Appellees, *vs.* THE RELIANCE BANK AND TRUST COMPANY *et al.* Appellants.—HENRY F. SCHWARTZ *et al.* Appellees, *vs.* THE BROADWAY TRUST AND SAVINGS BANK OF AURORA *et al.* Appellants.

*Opinion filed April 16, 1937.*

No. 23937:

No. 24053:

Winston, Strawn & Shaw, (Silas H. Strawn, Frederick C. Hack, George T. Evans, and George W. Ott, of counsel,) for appellants A. G. Leonard *et al;* W. Robert Brown, for appellant Ernst Kissling; Shulman, Shulman & Abrams, (Meyer Abrams, of counsel,) for appellants Frederick C. Croft *et al;* and Harry C. Hanson, and Alschuler, Putnam & Johnson, (Edward F. Streit, of counsel,) for appellants The Broadway Trust and Savings Bank of Aurora *et al.*

Clyde L. Day, Little & Latham, Seyfarth & Atwood, and Leonard & Leonard, (Merritt J. Little, Karl Edwin Seyfarth, Benton Atwood, and Julian E. Latham, of counsel,) for appellees.

Mr. Justice Jones delivered the opinion of the court:

Plaintiffs in cause No. 23937 brought a representative suit in the superior court of Cook county in behalf of themselves and all other creditors of the Reliance Bank and Trust Company of Chicago, against the defendants and other stockholders of said bank, to enforce the constitutional liability of said stockholders.

Cause No. 24053 is a similar suit instituted in the circuit court of Kane county for the purpose of enforcing the stockholders' constitutional liability against certain stockholders of the Broadway Trust and Savings Bank of Aurora. A decree in each case was rendered in favor of the plaintiffs and an appeal in each case was perfected to this court under the claim that a constitutional question is involved. The controversial point in the cases is the same and they have been consolidated in this court for consideration.

The defendant stockholders of the Reliance Bank and Trust Company contend that other stockholders of said company, who held stock therein contemporaneously with them and for the same period of time, paid to the receiver appointed in the creditors' suit sums aggregating more than the amount of unsatisfied liabilities of the Reliance Bank and Trust Company to its creditors which accrued during such period of time, and that such payments discharged the defendant stockholders from further liability to the creditors of said Reliance Bank and Trust Company. The same legal contention is made in cause No. 24053.

Both sides agree to the principle that a stockholder's liability in a defunct State bank is measured by the unsatisfied liabilities which accrued during the period of stock ownership, subject to the limitation that the stockholder's liability shall not exceed the par value of the stock held by him. In ascertaining the liability of an individual stockholder, the court in which the representative suit is pending must ascertain two primary facts: First, the aggregate amount of liabilities which accrued while the stockholder held his stock, and, second, the par value of the shares of stock so held by him. Without the existence of unsatisfied claims, which accrued while he remained a stockholder, he is under no liability to the bank's creditors at all. If there be unsatisfied claims against the bank, which accrued while he was a stockholder, then, at most, he can be held for no sum in excess of the par value of his stock. If a group

of contemporaneous stockholders pay to the receiver in the creditors' suit a sum equal to all the liabilities incurred during the contemporaneous ownership, their liabilities are satisfied, and there is no warrant of law to compel that group to pay to the receiver, for the benefit of creditors, a sum greater than the aggregate of liabilities incurred by the bank while that group were the stockholders. These principles have been firmly established by the decisions of this court in *Golden* v. *Cervenka,* 278 Ill. 409; *Sanders* v. *Merchants State Bank,* 349 id. 547; *Leonard* v. *Bye,* 361 id. 185; *Heine* v. *Degen,* 362 id. 357, and *Comstock* v. *Morgan Park Trust and Savings Bank,* 363 id. 341.

We held in *Heine* v. *Degen, supra,* that section 6 of article 11 of the constitution of 1870 has the effect of · measuring the liability rather than designating what creditors are entitled to share in the payments made by stockholders for the period in which the liability accrued, and in *Comstock* v. *Morgan Park Trust and Savings Bank, supra,* we said that the stockholders have no interest whatever in the distribution of funds which they are compelled to pay in satisfaction of their liabilities.

A summation of all of the contentions of the defendants in the pending cases is that the decrees contemplate the payment by stockholders of amounts greater than the unsatisfied liabilities of the bank during the time they, and each of them, remained stockholders. If the decrees do so, the objection is that they are erroneous. This court, in the cases above cited, has definitely determined the measure of a stockholder's liability and the method of distribution. No constitutional question not already settled by previous decisions is here involved. For that reason cause No. 23937 is transferred to the Appellate Court for the First District, and cause No. 24053 is transferred to the Appellate Court for the Second District.

*Causes transferred.*