Frank Burket et al., Appellees, v. Reliance Trust and Savings Bank, Defendant. A. G. Leonard et al., Appellants.

Gen. No. 39,587.

Opinion filed June 6, 1938.

WINSTON, STRAWN & SHAW, of Chicago, for appellants; SILAS H. STRAWN, FREDERICK C. HACK, GEORGE T. EVANS, JAMES H. CARTWRIGHT and GEORGE W. OTT, all of Chicago, of counsel.

W. ROBERT BROWN, of Chicago, for co-appellant Ernest Kissling.

CLYDE L. DAY, SEYFARTH & ATWOOD and LEONARD & LEONARD, all of Chicago, for appellees; CLYDE L. DAY, KARL EDWIN SEYFARTH and BENTON ATWOOD, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is now before us on rehearing granted. Plaintiffs are creditors of an Illinois bank organized about April 28, 1917, and closed by the State auditor June 20, 1932. They brought a representative suit against Ernest Kissling, A. G. Leonard, Arthur Leonard, Edward A. Leonard and others to enforce their alleged statutory and constitutional liability as stockholders of the defunct bank. (Ill. Rev. Stat. 1937, ch. 16½, sec. 6, p. 190; art. 11, sec. 6, p. 57 [Jones Ill. Stats. Ann. 10.06 and Vol. 1, p. 473].) Defendants answered denying liability. The cause was referred to a master who reported, finding that Kissling was the owner of 8 shares of stock of the bank from April 30,

1917, to May 18, 1921, during which time unsatisfied liabilities accrued to the amount of $8,605.75; that A. G. Leonard was the owner of 60 shares of stock of the bank from April 30, 1917, to November 4, 1921, during which time unsatisfied liabilities accrued to the amount of $10,611.25; that Arthur G. Leonard was the owner of 30 shares of the stock of the bank from November 4, 1921, until November 10, 1921, during which time unsatisfied liabilities accrued to the amount of $132.79; that Edward A. Leonard was the owner of 30 shares of stock of the bank for the same period of time, during which unsatisfied liabilities accrued amounting to $132.79; that all of the stock was of the par value of $100 a share; that after allowing 20 per cent on account of the payment of dividends declared by the receiver of the bank, and making deductions on account of certain claims barred by the statute of limitations, Ernst Kissling was liable for $800 with costs; A. G. Leonard for $6,533.40 with costs; Arthur G. Leonard for $139.59 with costs; and Edward A. Leonard for $139.59 with costs; and judgment was entered against these respective defendants in conformity with these findings of the master.

The defense interposed by answer, by exceptions and afterward by a petition to the chancellor (which petition plaintiffs answered denying the material averments thereof), was that more than the total amount of unpaid liabilities which had accrued during these respective periods of time had been paid to the receiver by other contemporaneous stockholders, and that the obligations of defendants were satisfied by such payments. This defense was disallowed and a decree was entered in conformity with the recommendations of the master. The defendants appealed to the Supreme Court, contending that the decree infringed upon their constitutional rights. The Supreme Court held that no constitutional question was involved and transferred the cause to this court: *Burket*

*v. Reliance Bank & Trust Co.,* 366 Ill. 98. In transferring the appeal the Supreme Court said:

"In ascertaining the liability of an individual stockholder, the court in which the representative suit is pending must ascertain two primary facts: First, the aggregate amount of liabilities which accrued while the stockholder held his stock, and, second, the par value of the shares of stock so held by him. *Without the existence of unsatisfied claims, which accrued while he remained a stockholder, he is under no liability to the bank's creditors at all. If there be unsatisfied claims against the bank, which accrued while he was a stockholder, then, at most, he can be held for no sum in excess of the par value of his stock.* If a group of contemporaneous stockholders pay to the receiver in the creditors' suit a sum equal to all the liabilities incurred during the contemporaneous ownership, their liabilities are satisfied, and there is no warrant of law to compel that group to pay to the receiver, for the benefit of creditors, a sum greater than the aggregate of liabilities incurred by the bank while that group were the stockholders. These principles have been firmly established by the decisions of this court in *Golden v. Cervenka,* 278 Ill. 409; *Sanders v. Merchants State Bank,* 349 id. 547; *Leonard v. Bye,* 361 id. 185; *Heine v. Degen,* 362 id. 357; and *Comstock v. Morgan Park Trust and Savings Bank,* 363 id. 341."

By the same opinion the Supreme Court transferred a similar appeal from the circuit court of Kane county to the Appellate Court for the Second District. The Appellate Court for that district disposed of the appeal in *Schwartz v. Broadway Trust & Sav. Bank,* 291 Ill. App. 460. The proceeding there involved the liability of Oscar Nelson as a stockholder in the defunct Broadway Trust & Savings Bank. It had been stipulated in the trial court that during the time Nelson owned shares of stock in the bank an unsatisfied liability accrued to creditors to the amount of $36,830.96.

The opinion said: "That the other stockholders owning stock during the same period as Oscar Nelson, had paid in an amount in excess of $37,000. This is more than the total liability of the stockholders, due the creditors of the bank, for the period that the defendant, Nelson, owned stock in the bank."

The court held that the liability of Nelson was discharged through payments made by other stockholders, reversed the judgment of the circuit court of Kane county and remanded the cause to that court.

In *Cohen v. North Ave. State Bank,* 291 Ill. App. 558, this court, following the opinion of the Supreme Court in *Burket v. Reliance Bank & Trust Co.,* 366 Ill. 98, and the opinion of the Appellate Court in the *Schwartz* case, said: "The Appellate court [Schwartz case] held that since a group of contemporaneous stockholders paid to the receiver in the liquidation suit a sum equal to all the liabilities incurred during the contemporaneous ownership, *one of such contemporaneous stockholders who had paid nothing* could not be held liable in the representative suit brought on behalf of the creditors of the bank against the stockholders, following the clear reasoning of the Supreme Court in its opinion transferring the case."

In the *Cohen* case application was made by the plaintiffs for leave to appeal to the Supreme Court, which was denied. 291 Ill. App. XX.

In *Flanagan v. Madison Square State Bank,* 292 Ill. App. 448, this court said: "If *any* contemporaneous stockholders pay the receiver an amount equal to all the unpaid liabilities incurred during the contemporaneous ownership such liabilities are satisfied. No stockholder can be compelled to pay a sum greater than the aggregate of liabilities incurred by the bank while he was a stockholder. *Burket v. Reliance Bank & Trust Co.,* 366 Ill. 98."

In the former opinion we distinguished this case upon the theory that in the last analysis the issue be-

tween the parties was one of fact. This disposition was challenged by defendants in the petition for rehearing, and the court being of the opinion that the distinction was not sustained by the record, granted a rehearing. It appears from the evidence that all of the stockholdings of these defendants commenced and ended within the period from April 28, 1917, to March 30, 1923. The undisputed evidence shows that unpaid liabilities aggregating $14,174.47 accrued during the period from April 28, 1917, to July 29, 1921, and liabilities of $19,075.57 accrued during the period from June 29, 1921, to March 30, 1923, or a total of $33,250.04; that other stockholders who held stock within the period from April 28, 1917 to March 30, 1923, paid $34,890 on account of their superadded liability, which is more than the unsatisfied liabilities which accrued during that period of time. The Supreme Court in transferring the cause to this court said: "There is no warrant of law to compel that group (contemporaneous stockholders) to pay to the receiver for the benefit of the creditors, a sum greater than the aggregate of liabilities incurred by the bank while that group were the stockholders."

All the superadded liabilities of the stockholders which accrued between April 28, 1917, and March 30, 1923, having been paid by other stockholders and the court being of the opinion that no issue of fact is presented, we hold the defendants in the instant case are not now liable to the creditors of the bank, their liability, if any, being that of contribution to other stockholders who have heretofore made payments to the receiver.

The decree of the superior court of Cook county is reversed and the cause remanded with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and McSURELY, J., concur.